Fesmire, *et al.*, *ads.*, *v.* Brock.

Where a declaration by administrators does not show a cause of action accruing to them in their representative capacity, the action must be considered as brought in their individual right.

It is error to proceed to trial with one of several pleas, good and valid, unanswered.

Where two persons own land, and one of them rents it by a written lease, he alone has the legal interest in the contract, and it is not admissible in evidence in a suit brought by the administrators of both owners—the contract being a chose in action passed at the death of the lessor to his administrator, alone.

If a written lease be made by two joint owners of land, and one die, the right of action survives to the other, and on his death passes to his administrator, and not to the administrators of both.

*Appeal from Independence Circuit Court.*

Hon. RICHARD H. POWELL, Circuit Judge.

Cox, for the appellants.

The farm was held by the brothers in joint tenantcy, and therefore the act of one in reference to the joint property was, as to the rest of the world, the act of both. *1 Wash. Real Prop.*, ch. *13*, secs. *11, 12, 13; 4 Kent, marg. p. 359; 20 Ark., 381.* Rufus Stone, in renting the joint property, acted both for himself and his joint tenant (who are tenants in common under our statute); and they, and on their death their representatives, should join in an action concerning their joint property. *Gould's Pl.*, ch. *4*, sec. *52, 56 and n. 5; 1 Ch. Pl., 13.*

The omission to enter replication and issue to the pleas is cured by the statute of amendments; *Gould's Dig.*, ch. *133*, sec. *113;* and the omission will be supplied by this court, that justice may be done.

WATKINS & ROSE, for the appellees.

The action was improperly brought. It should have been brought in the names of the administrators of the survivor alone. Such is the rule in all actions *ex contractu. 1 Ch. Pl., 19, 20; 17 Ark., 250; 1 Parsons on Con., 31.* The objection of misjoinder of plaintiffs may be taken at any time. *1 Ch. Pl., 13; 19 Ark., 671.*

The action for use and occupation must be founded on a contract, and cannot be supported unless there be a contract expressed or implied. *Birch v. Wright, 1 T. R., 387; 2 Saund. on Pl. and Ev., 888, 889; Ch. on Con., 331.* And if there be a written contract, it must be produced, and the action can only be in the name of the party making it. *22 Ark., 158; 1 Ph. Ev., 423; Ch. on Con., 329.*

The plea of the statute of limitations was confessed, as no replication was filed to it.

WALKER, C. J.

This is an action of assumpsit for the use and occupation of a farm which is described as the "land and appurtenances of the plaintiffs, held by the defendant at the special instance and request, and by the sufferance and permission, of the plaintiffs." In none of the several counts is there disclosed any contract or agreement with Jefferson and Rufus Stone, or either of them. There is no breach that the rent was not paid to them in their life-time; but the breach is that no payment of rents was made to the plaintiffs; no profert of letters of administration was made; in truth, nothing whatever to show that there was a cause of action accruing to them in their representative capacity. When such is the case the action must be considered as brought in the individual right of the plaintiffs, as held by this court in *Hemphill v. Hamilton, 11 Ark., 425; McDonald v. Williams, 16 Ark., 36.*

Pleas of non-assumpsit and limitation were filed, to which there was neither joinder nor replication. The case was thus submitted to a jury, when it appeared in evidence that the defendant rented the land of Rufus Stone, evidenced by a written contract entered into between Rufus Stone and the defendant alone. It appeared in evidence, further, that Jefferson Stone died before Rufus did, but whether before the contract for rent with defendant, is not shown. The land rented was known as the farm of Jefferson and Rufus Stone.

This brief statement of the facts we think fully sufficient to a proper understanding of the questions of law material to be considered.

Under instructions from the court the jury found a verdict for the defendant. The plaintiffs moved the court for a new trial, which was overruled, and final judgment rendered for defendant, from which the plaintiffs appealed.

There are several grounds, either of which would, in our opinion, be fatal to the plaintiffs' recovery.

It was error to have proceeded to judgment without an issue upon the plea of limitation. That plea was a bar to the action, unless upon issue it should appear not to be true. This case is clearly distinguishable from that of *Dorris v. Grace, 24 Ark., 326,* in the facts and the finding of the jury.

There was no evidence whatever conducing to show that the defendant was indebted to the plaintiffs, or either of them, in the right and capacity in which they sued. The written contract for the rent of the farm was made between Rufus Stone and the defendant, Brock. It was a chose in action which passed at the death of Rufus Stone to his administrator, and which, in order to a recovery against the defendant, should have been declared upon as a contract made with Stone in his life-time. Jefferson Stone's representative had no legal interest whatever in the contract, and should not have been joined in the action. Even if there had been no written contract for rent, and the land had been rented by both Jefferson and Rufus Stone, as joint tenants, still, as Jefferson died first, the right of action would have survived to Rufus Stone alone, and not jointly with the administrator of Jefferson Stone. *Chitty* says, that "where one or more of several obligees, covenantees, parties or others, having a joint legal interest in the contract, dies, the action must be brought in the name of the survivor, though the deceased alone might be entitled to the beneficial interest in the contract." *1 Chitty Pl., 19.*

But even if the suit had been brought in the representative capacity of the plaintiffs, as the contract to rent was with Rufus Stone only, the plaintiffs could not recover, because the proof in this respect must correspond with the count or the plaintiff will be non-suited. *Burr v. Rose, 17 Ark., 250.*

From this view of the case it is evident that the plaintiffs were not entitled to recover.

Judgment affirmed.