HENRY CONLEY v. RICHARD WINSOR AND ROBERT W. IRWIN.

*Error in justice's judgment—Burden of showing bona fide reception of note.*

Where a justice's rulings have been objected to, but his judgment affirmed at the circuit, it is enough to assign the rendition of judgment as error; if the rulings were all passed on, the enumeration of them is surplusage, as a review of the judgment must bring them under examination.

Proof of execution and indorsement maks a *prima facie* case; but defendant may then show the invalidity of the note in the hands of the payee without first proving that the holder had notice of the defects; and the burden of proving that it was received from the indorser in good faith, for value, and before maturity, then rests on the plaintiff.

Error to Huron.   Submitted June 10.   Decided July 1.

Assumpsit.   Defendant brings error.

*James H. Hall* for plaintiff in error.   Plaintiff on a note has the burden of proving a *bona fide* holding for value, if evidence is given of fraud between the parties, *Bailey v. Bidwell*, 13 M. & W., 73; *Fitch v. Jones*, 32 Eng. L. & Eq., 134; illegality of consideration may be shown under the general issue without notice, *Myers v. Carr*, 12 Mich., 63; so with any perfect defense, *Hill v. Callaghan*, 31 Mich., 426; plaintiff on a note will not be presumed a *bona fide* holder where the fact is not found and is inconsistent with facts that are found, *Peabody v. McAvoy*, 23 Mich., 526.

*Winsor & Snover* and *H. B. Carpenter* for defendant in error.   Plaintiff on a note having put it in evidence and proved the indorsements, makes out a *prima facie* case, *Atlas Bank v. Doyle*, 11 Amer., 221, and is presumptively a *bona fide* holder for value and before maturity, 1 Pars. N. & B., 255; Story on Prom. Notes, § 196; the exclusion of evidence that the note was obtained without consideration is not error when plaintiff is presumptively a *bona fide* holder, and before evidence is introduced to the contrary, *Wright v. Irwin*, 33 Mich., 35; 2 Pars. N. & B., 436–8.

Cooley, J.   The writ of error in this case is sued out to reverse a judgment of the circuit court affirming the judgment of a justice of the peace.   The error assigned is that the court erred in rendering the judgment, in this, to wit: that the said justice erred in the various

rulings made by him to which objection was made in his court, specifying them particularly. It is objected that this is assigning in this court errors in the judgment of the justice and not errors in the judgment of the circuit court, and is therefore insufficient. But the only error the party needed to assign was that the circuit court erred in rendering the judgment: the enumeration of the supposed errors of the justice was mere surplusage: they were all passed upon by the circuit court in giving its judgment, and a review of that judgment necessarily brings them all under examination.

The action before the justice was brought by Winsor & Irwin on a promissory note given by Conley for eighty dollars, dated October 1, 1876, and payable twelve months after date to the order of W. J. Campbell. Indorsements were on the note when presented as follows: "Protest, demand and notice of non-payment waived. W. J. Campbell." "Pay Winsor & Irwin cashier or order for collection for Farmer's Friend Manufacturing Co., Dayton, O. J. A. Marley, Treas." The handwriting of Campbell to his indorsement was proved by Winsor, who also testified that the note came to the hands of the plaintiffs in December, 1877.

Defendant offered to show that the note was given for a seed drill known as the Farmer's Friend Drill, which was sold to him by Campbell, representing himself as agent of the Farmer's Friend Manufacturing Company; that Campbell made certain representations in respect to the drill which proved to be false; that it was a part of the agreement between them that the drill might be returned if the representations did not prove to be true, and that after discovering their falsity defendant returned the drill to Campbell and demanded back his note, which Campbell refused to surrender. The justice declined to receive the evidence on the ground that the defendant had not shown that the holders of the note and the plaintiffs had notice of the facts

offered to be proved when the note came to their hands.

The purpose of the evidence offered by defendant was to show that the consideration for the note had wholly failed. The justice appears to have held that this could not be allowed until it had first been shown that the present holders of the note were not holders in good faith and without notice. This was a fatal error. The plaintiffs made out a *prima facie* case when the execution of the note and its indorsement by Campbell were proved; but the defendant was then at liberty to show that the note, for any reason, was without validity in the hands of the payee, and such showing would have cast upon the plaintiffs the burden of making it appear that the note had passed from Campbell into the hands of some one who received it in good faith, for value, and before it fell due. This is familiar law, and we need only refer to *Paton v. Coit*, 5 Mich., 510, and *Carrier v. Cameron*, 31 Mich., 373, in which the authorities are collected.

The judgments of the circuit court and of the justice must be reversed, and plaintiff in error must recover the costs of all the courts.

The other Justices concurred.