[No. 12850.  In Bank. — December 26, 1888.]

## GEORGE RIDDELL, APPELLANT, *v.* JOHN MULLAN ET AL., RESPONDENTS.

STATE LANDS — ACTION TO DETERMINE CONTEST — ALLEGATION OF ORDER OF REFERENCE — PLEADING.— The complaint in an action to determine a contest as to the right to purchase state lands sufficiently avers, as against a general demurrer, that an order of reference had been made, when it alleges that on a particular day the surveyor-general referred the contest to the superior court for adjudication, and that the order of reference was on the same day filed with the clerk.

ID.— AMENDMENT OF COMPLAINT TO SHOW DEMAND FOR REFERENCE — ABUSE OF DISCRETION. — It is an abuse of discretion, in such an action, for the court not to allow the complaint to be amended by alleging that a demand for an order of reference had been made by the plaintiff, and the time when such demand was made, so as to show that he had complied with the provisions of section 3498 of the Political Code, as amended on March 14, 1885.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The allegations of the amended complaint, with respect to the order of reference, were as follows: "That on the fourteenth day of June, 1886, the surveyor-general of the state of California referred the contest arising under the various applications to purchase said land to the superior court in and for the county of San Bernardino, state of California, for adjudication and determination; that the order of the surveyor-general, referring said contest to said last-named court, was on the fourteenth day of June, 1886, filed with the clerk of said superior court last named, and the said plaintiff makes profert of said order of reference of said surveyor-general." The further facts are stated in the opinion.

*H. T. Hazard,* and *Chapman & Hendrick,* for Appellants.

The complaint sufficiently avers the order of reference. (*Lane* v. *Pferdner,* 56 Cal. 122; *Salmon* v. *Symonds,* 24 Cal. 260.)

*Curtis & Otis,* for Respondents.

The complaint was defective in not alleging facts showing that the court had acquired jurisdiction. (*Danielwitz* v. *Temple,* 55 Cal. 42; *Berry* v. *Cammet,* 44 Cal. 347; *Keema* v. *Doherty,* 51 Cal. 7; Pol. Code, sec. 3414.) It was not error to refuse to allow the plaintiff to amend. If the demurrer was properly sustained, the plaintiff was practically out of the case, and his objections to subsequent proceedings cannot be entertained. (*Ramsey* v. *Flournoy,* 58 Cal. 260.)

FOOTE, C.—This was an action to determine which of the parties thereto had the better right to purchase from the state the lands described in the plaintiff's application, being the south half of section 15, township 1 south, range 7 west, San Bernardino meridian.

A general demurrer that the amended complaint did not state facts sufficient to constitute a cause of action was filed and sustained; the plaintiff asked leave to amend, but it was refused; a trial was had, and judgment rendered in favor of Mullan, one of the defendants, upon proof made under the answer which he had filed. This appeal is taken from that judgment by the plaintiff.

We think that as against a general demurrer the complaint sufficiently averred that an order of reference had been made.

Conceding, without deciding, that the complaint should have averred that a *demand* for an order of reference had been made by the plaintiff, and the time when such demand was made, so as to show that he had complied with the provisions of section 3498 of the Political Code, as amended March 14, 1885, nevertheless the offer to amend in that particular, made by the plaintiff, should have been allowed.

It is seldom the case that the appellate court will interfere with the action of the court below in such a matter, but in this case a wise discretion would have been

exercised in granting the plaintiff's request, and no detriment would have accrued to any of the parties.

We advise that the judgment be reversed and the cause remanded for further proceedings.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment is reversed, and cause remanded for further proceedings.