## MARY KENT *vs.* SYLVESTER BOTHWELL.

Worcester.    September 30, 1890. — October 24, 1890.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Replevin by Administrator in his own Name.*

Replevin can be maintained by an administrator in his own name for personal property belonging to the estate, and attached after his appointment as the property of a third person.

REPLEVIN, brought by the administratrix of the estate of Nicholas Kent, in her own name, against a deputy sheriff. Trial in the Superior Court, before *Dewey*, J., who allowed a bill of exceptions, in substance as follows.

The defendant, on July 3, 1889, attached and took the property in question upon a writ, as the property of one White. The plaintiff, who was appointed administratrix on June 5, 1888, contended, and offered evidence tending to prove, that the property when attached by the defendant belonged to the estate, and the title to the same was in her as such administratrix; and that she was entitled to maintain the action in her own name. The defendant asked the judge to rule that the plaintiff could not maintain the action by virtue of the title which vested in her as administratrix. The judge refused so to rule, and ordered a verdict for the plaintiff; and the defendant alleged exceptions.

*F. W. Blackmer & E. H. Vaughan*, for the defendant.

*L. E. Barnes*, for the plaintiff.

KNOWLTON, J.    To maintain an action of replevin for goods, the plaintiff must prove his general or special property in them, and a right to immediate possession.

Upon causes of action which accrued in the lifetime of the testator or intestate, an executor or administrator must sue in

his representative capacity, but in general, upon those founded on transactions with himself, or on injuries to property occurring after his appointment, he may sue in his own name. The fact that he is accountable for the proceeds of the suit as assets of the estate does not necessarily preclude him from maintaining an action without reference to his official relation. The rule has generally been stated to be, that, for injuries to property committed after the death of the intestate, an administrator may, and properly should, sue as an individual; but if he chooses to make his claim in his official capacity the action will lie. 2 Greenl. Ev. § 338. *Carlisle* v. *Burley,* 3 Greenl. 250. *Foster* v. *Gorton,* 5 Pick. 185. *Bollard* v. *Spencer,* 7 T. R. 358. *Knox* v. *Bigelow,* 15 Wis. 415. It has sometimes been held, that to maintain trover in his own name the administrator must have had actual possession, but the great weight of authority is now otherwise, the action being made to rest on his right of property, which draws after it the right of possession. *Bollard* v. *Spencer,* 7 T. R. 358. *Hollis* v. *Smith,* 10 East, 293. *Gray* v. *Swain,* 2 Hawks, 15. *Carter* v. *Estes,* 11 Rich. (S. C.) 363. *Kerby* v. *Quinn,* Rice, (S. C.) 264.

Upon an appointment of an administrator, the property of his intestate immediately passes to him by relation from the time of his intestate's decease. While he holds *en autre droit,* he has the legal title, and may at any time make an absolute disposition of the property for which he is accountable on his official bond. He holds both the possession and the property as an individual, although he holds them under a kind of trust. An unlawful interference with the property to its damage is a disturbance of his possession for which he may sue in his own name, although under his trust he is accountable for the damages recovered. In like manner, it should be held, when a plaintiff must establish a title, that an administrator's right to the chattels of the intestate is a sufficient property for the maintenance of an action.

None of the cases which have been brought to our attention refer to any distinction between replevin and actions for injuries to property, in reference to an administrator's right to sue in his own name; and his right so to bring a suit in replevin has been sustained by direct adjudication in New York and in Florida. *People* v. *Judges of Mayor's Court,* 9 Wend.

486. *Patchen* v. *Wilson*, 4 Hill, (N. Y.) 57. *Branch* v. *Branch*, 6 Fla. 314.

The property of the plaintiff, as administratrix, was sufficient to enable her to maintain her action; and the ruling at the trial was correct.　　　　　　　　　　　　　　　*Exceptions overruled.*