Argued February 13; decided April 6, 1896.

## KENNY *v.* WALKER.
[44 Pac. 591.]

CROSS-EXAMINATION — TESTIMONY IN ANTICIPATION OF DEFENSE.— While the indorsement of a note by the payee imports a consideration, and the holder may rest on that presumption until evidence of the illegality of the note is produced, yet if, where such illegality is pleaded, he testifies in chief that he gave a consideration for the note, such testimony is material to the issues made, and the defendant is entitled to cross-examine in regard to the consideration: *Maxwell* v. *Bolles*, 28 Or. 1, cited.

APPEAL from Jackson: HIERO K. HANNA, Judge.

This is an action by T. J. Kenny to recover the amount claimed to be due on two promissory notes executed by Enoch Walker and others to the order of one W. J. Gooch, who, it is alleged, assigned them to the plaintiff for a valuable consideration and before maturity. The complaint contains two separate causes of action, and is in the usual form. The defendants, after denying the material allegations of the complaint, allege, as a further defense to each cause of action, that they were induced by the fraud and false representations of the payee to sign and deliver said notes without consideration, and that the plaintiff had full notice and knowledge of such false representations and fraud prior to his alleged purchase of them, and also knew that the defendants claimed to have and expected to maintain a good defense to any action that might be instituted thereon. Upon the issues made a trial was had before the court, at which the plaintiff testified in chief that he was the owner and holder of said notes, and had purchased them for a valuable consideration, before maturity, and that the indorsement on each was in the handwriting of the payee. Thereupon the notes, over the objection and exception of the defendants, were received in evidence. No evidence having been offered on behalf of the plaintiff tending to show what consideration was paid for either note, the following questions were then propounded to him on cross-examination: "How much did you pay for these notes or either of them?" "You say you paid a valuable consideration for these notes; what was that valuable consid-

eration?"— to each of which the plaintiff by his
counsel objected, and the objections being sustained,
exceptions to the ruling were taken and allowed.
Thereupon both parties rested, and the court, hav-
ing made findings on all the issues in favor of the
plaintiff, gave judgment thereon, from which the
defendants appeal.                    REVERSED.

For appellants there was a brief by *Mr. Francis
Fitch.*

For respondent there was a brief and an oral
argument by *Mr. William. M. Colvig.*

Opinion by MR. JUSTICE MOORE.

It is contended in behalf of the defendants
that, the plaintiff having testified in chief that he
paid a valuable consideration for the notes, the
court erred in refusing to permit the witness to be
cross-examined in respect to the nature or amount
thereof, while the plaintiff's counsel insists that the
burden was on the defendants to show a want of
consideration or ᵒ fraud in their execution, and
that, the notes having been received in evidence,
his testimony was unnecessary and immaterial, and,
this being so he could not be cross-examined in
respect to the consideration paid for them. Every
negotiable promissory note imports a consideration,
and the burden of proof is on the party who
alleges the contrary (*Flint* v. *Phipps,* 16 Or. 437,
19 Pac. 543; 1 Daniel on Negotiable Instruments,
§ 810); but if the defendant, under an allegation

of fraud or want of consideration, gives evidence thereof, the burden is shifted to the plaintiff to show that he is a purchaser for value and without notice: Baily on Onus Probandi, 222, 226; 1 Daniel on Negotiable Instruments, § 812; Chitty on Bills, 648; 1 Parsons on Notes and Bills, 188; 2 Parsons on Notes and Bills, 280, 438; Story on Promissory Notes, § 196. "I have always understood," says PARKE, J., in *Heath* v. *Sansom*, 22 Eng. Com. Law R. 128, "that an indorsement must be taken, *prima facie*, to have been given for value, and that the proof, at least of circumstances tending to throw suspicion on such indorsement, lies on the party disputing its validity, before the indorsee can be called upon to prove that he gave value for the bill." In *Bailey* v. *Bidwell*, 13 Mees. and W. 73, Baron PARKE, referring to the preceding and other decisions on the subject, assigns the following lucid reason for changing the burden of proof: "It certainly has been, since the later cases, the universal understanding that, if the note were proved to have been obtained by fraud, or affected by illegality, that afforded a presumption that the person who had been guilty of the illegality would dispose of it, and would place it in the hands of another person to sue upon it; and that such proof casts upon the plaintiff the burden of showing that he was a *bona fide* indorsee for value." The burden, therefore, of establishing the alleged fraud and want of consideration was on the defendants, and until they had given evidence tending to throw suspicion on the execution of the notes the plain-

tiff was under no legal obligation to offer evidence
of the consideration paid for their assignment or
his want of notice or knowledge of the manner
of their execution. It must be presumed that these
notes were given for a sufficient consideration, and
indorsed for like value, when and where they were
executed (subdivisions 21 and 22, section 776, Hill's
Code,) and the signing and delivery having been
admitted, the plaintiff established a *prima facie*
right of recovery when the notes were received in
evidence after having proven his possession of
them: *Bedell* v. *Herring*, 77 Cal. 577, (20 Pac. 129,
S. C. 11 Am. St. Rep. 307, and notes on page 323).
Evidence, therefore, of the consideration paid for
the assignment of the notes was unnecessary, and
the only question to be considered is whether the
testimony of the plaintiff, volunteered in anticipation
of the defense, would render the witness subject
to the cross-examination attempted by defendants
counsel. The answer having put in issue the want
of consideration, the plaintiff's testimony, though
unnecessary at the time it was given, was never-
theless material. Had he relied on the legal pre-
sumptions which his possession of the notes afforded,
he could not have been cross-examined in regard
to the consideration paid by him for their assign-
ment until he undertook to rebut evidence for the
defendants tending to throw suspicion on their exe-
cution or transfer.

In *Graham* v. *Larimer*, 83 Cal. 173 (23 Pac. 286),
the plaintiff, to prove his ownership of a note,
called one George Lord as a witness, who testified

in chief that he purchased it for a valuable consideration and afterwards assigned it to the plaintiff. The witness was then asked on cross-examination if, at the time he bought the note, he had any notice that it was executed for an illegal consideration. An objection to the question having been sustained and an exception allowed, judgment was given for the plaintiff, in reversing which VANCLIEF, C., speaking for the court, says: "The tendency of Lord's testimony in chief was to prove that he took the assignment of the note in good faith, by showing that he paid full value for it. Therefore, any question the answer to which might tend to prove that he did not take the assignment in good faith was proper cross-examination. The answers to the questions asked on cross-examination might have proved that he took the assignment with notice that there was no legal or valid consideration for the note, and that he knew 'that the defendant had warned persons, in a newspaper notice, from purchasing it on the ground of illegal consideration.' The facts that Lord's testimony in chief was intended to meet and avoid the anticipated defense, and, properly, should have followed the evidence of that defense, make no difference as to defendant's right of cross-examination. The plaintiff chose to introduce his evidence in that order; and defendant did not object to it, but simply claimed the right to cross-examine the witness. The plaintiff had the benefit of the testimony in chief, and had no right to deprive the defendant of the privilege of proper cross-examination." In *Maxwell* v. *Bolles*, 28 Or. 1,

(41 Pac. 661,) the plaintiff, supplementing the presumptions which the possession of a promissory note secured by a chattel mortgage afforded, testified in chief that the note was executed in evidence of an indebtedness for work and labor performed by him for the maker, and that the mortgage was given to secure the same; and on cross-examination questions were propounded to the witness which, if answered, would have tended to show the extent of the work and labor performed, and the amount of wages he was to have received therefor; but the court, sustaining objections to the questions, refused to permit them to be answered, and allowed the exceptions taken to the rulings thereon. A judgment having been given for the plaintiff, it was on appeal reversed, and BEAN, C. J., in referring to the testimony of the witness and the questions propounded to him, says: "These were all matters of legitimate cross-examination, and went to impeach the consideration of the very instrument under which plaintiff was claiming the right to the possession of the property in question." The plaintiff having testified that he paid a valuable consideration for the notes, might deem further evidence of the fact unnecessary; and, although the defendants, by their evidence, might thereafter shift the burden, the plaintiff, by anticipating it, met the contingency, and proved the fact in issue, and, if he could not then be cross-examined, he might escape it altogether by declining to take the witness stand, thereby depriving the defendants of a substantial right. The plaintiff's opinion of what he considered

a valuable consideration might not satisfy a court
or jury, but if he could not be cross-examined on
the subject it would be binding, and must neces-
sarily aid in giving weight to the presumptions inci-
dent to possession of the notes.  Had the defend-
ants introduced evidence tending to show a want of
consideration, or fraud in their execution, and the
plaintiff thereupon testified that he paid a valuable
consideration for them, no one would deny the right
to cross-examine the witness on the subject.  The
plaintiff, declining to rely on the legal presumptions
which he might have invoked, anticipated the de-
fense and voluntarily assumed the burden of show-
ing that he paid a valuable consideration for the
notes, and, having adopted this course, he thereby
accepted the burden of proving the fact in issue,
and, his evidence being material, the court erred in
refusing to permit the defendants to cross-examine
him.  It follows that the judgment must be re-
reversed and a new trial ordered.        REVERSED.