Argued February 27; decided April 27, 1896.

## OWENS *v.* SNELL.

[44 Pac. 827.]

1. NEGOTIABLE INSTRUMENTS — RIGHTS OF BONA FIDE HOLDERS — BURDEN OF PROOF — PRESUMPTION.— The production of a promissory note, regular upon its face, and bearing the genuine indorsement of the payee, raises a disputable presumption that the note was given and indorsed for a sufficient consideration, and was indorsed at the time and place of its execution, ( Hill's Code, § 776, subdivision 21, 22,) and thus establishes a *prima facie* case; but if the defendant can make something of a showing that the note was made under duress, or is tainted with fraud, the burden of proof changes, and the indorsee must show under what circumstances and for what value he became possessed of the note: *Kenny* v. *Walker*, 29 Or. 41, cited and approved. It then becomes a question for the jury whether there was a consideration for the note, and whether the indorsee is a *bona fide* holder.

2. PROVINCE OF JURY — BONA FIDE HOLDER OF NOTE.— Where plaintiff's own testimony as to the *bona fides* of his purchase of the note was conflicting, and in some respects contradictory, and there was proof that the note had been procured by fraud of the payee, it was not error to submit to the jury the question whether plaintiff was in fact a *bona fide* purchaser.

3. EVIDENCE ANTICIPATING THE DEFENSE.— In an action by the indorsee of a note, where plaintiff, anticipating the testimony of the defense, introduced evidence to show that the note was indorsed before maturity for value, it was competent for defendant to show that the note was procured by the payee by false and fraudulent representations, though unable to charge plaintiff di-

rectly with knowledge of such fraud: *Kenny* v. *Walker,* 29 Or. 41, cited and approved.

4. DIRECTING VERDICT.— Where there is no conflict in the testimony and no dispute as to the facts, the court may properly state to the jury what verdict they ought to return, (*Coffin* v. *Hutchinson,* 22 Or., page 556, cited,) but where this state of things does not exist, the questions of fact involved should be submitted to the jury.

5. INSTRUCTION ASSUMING DISPUTED FACTS.— An instruction which assumes disputed facts to have been established is properly refused.

From Multnomah: HARTWELL HURLEY, Judge.

This is an action to recover upon a promissory note executed by the Snell, Heitshu and Woodard corporation to one Marcos Morales, and by him indorsed to the plaintiff, M. Miller Owens, who claims as a *bona fide* purchaser for value before maturity. The defense is that the note was procured by the false, fraudulent, and deceitful representations of Morales, and that its alleged transfer by him to plaintiff was colorable only, and was made after maturity, and without consideration, and that plaintiff is not the owner or holder thereof for value. The plaintiff, to sustain the issues upon his part, offered the note indorsed "Marcos Morales," which was received in evidence without objection. He then introduced the depositions of himself, Morales, and one Flood, the latter's bookkeeper, all which were taken in Philadelphia, Pennsylvania. This evidence tended to show that plaintiff purchased the note March eighth, eighteen hundred and ninety-three, at a discount of one hundred and twenty dollars on its face value, and that the consideration for the purchase was the cancellation of Morales' indebted·

ness to plaintiff for rent of cigar factory of one hundred and eighty-one dollars and sixty-eight cents; cigars, three hundred and twenty dollars, and money loaned, one hundred dollars, and in addition thereto plaintiff gave to Morales his check upon the Guaranty Trust and Safe Deposit Company for the sum of one thousand two hundred and seventy-eight dollars and thirty-two cents, which it is claimed Morales deposited in his own bank, and obtained credit for. This check, marked "Paid" across the face, and indorsed "Marcos Morales," was also offered in evidence. The deposition of Morales, anticipating the defendant's testimony, denied or qualified to some extent all matters set up by way of defense.

Plaintiff having rested, the defendant offered evidence, over plaintiff's objection, tending to show that Marcos Morales was a manufacturer of cigars, engaged in the wholesale trade, having his factory and place of business in Philadelphia, Pennsylvania, and had dealt somewhat with defendant for perhaps a year prior to the alleged transaction out of which the action arose; that at the time of the execution of the note in suit, February twenty-first, eighteen hundred and ninety-three, Morales came to defendant's place of business in Portland, Oregon, and represented that he had, without any order therefor, shipped to it from New York a large quantity of cigars, namely, five hundred by express and one hundred thousand by freight, and presented what purported to be a bill of lading or shipping receipt for twelve cases containing one hundred thousand cigars; and, further, represented that the invoice al-

ready received contained a correct statement of the
name and number; that they were "Havana filler"
cigars, with domestic wrapper, and that they were
all of good, first-class merchantable quality; that
Morales agreed with defendant that if it would pur-
chase said lot of cigars of him he would keep con-
stantly in his employ a traveling salesman, whose
duty it should be to place said cigars with the trade,
and to sell other goods which Morales agreed to
supply, as needed, through its house; and, further,
that Morales would pay for such number of show
cases, not exceeding one hundred, as it might order,
to be placed with customers for the purpose of set-
ting out and showing the Morales' cigars, but that
defendant would repay him the cost thereof within
three years; that, relying upon such representations
and promises, defendant purchased said lot of cigars,
and, as consideration therefor, paid Morales five
hundred dollars, which adjusted also a former ac-
count existing between the parties, and executed to
him a note for two thousand one hundred and sixty-
eight dollars and sixty cents, payable in four months,
which was paid at maturity, and the note in ques-
tion for two thousand dollars payable in six months.
It is then alleged that the representations of Mo-
rales were false, and the defendant was thereby de-
ceived and induced to make said purchase; that the
twelve cases named in the bill of lading contained
not to exceed fifty-eight thousand four hundred and
twenty-five cigars; that another shipment was made
some six weeks or two months later, which left the
number still short some seventeen hundred; that

they were not what are called "Havana filler," but were made of inferior stock; that they were not first-class or merchantable, or of the kinds shown on the invoice; that there was but a small percentage of the lot salable, and of the quality represented; that during the season a large proportion of those placed among the customers came back upon its hands, and that it has now on hand about three thousand dollars' worth, rating them at the price paid, which are unsalable, and which it offered, prior to the commencement of the action, to return to Morales upon surrender of the note; that Morales failed to keep in his employ a salesman for placing said cigars with the trade, and failed and refused to pay for the show cases ordered by defendant.

When the defendant rested, plaintiff moved the court to strike out the evidence offered by it, basing the motion upon the ground urged against its admission, that knowledge of the alleged fraud and deceit had not been brought home to the plaintiff prior to his purchase of the note from Morales, which motion was also overruled. The action of the court in this regard forms the basis of plaintiff's principal assignment of error. The same question is raised both by the instructions given and those refused. Some other questions arise upon the record which will be noticed in the opinion. The verdict and judgment being for defendant, plaintiff appeals.                                    AFFIRMED.

For appellant there was a brief by *Messrs. Gearin, Silvestone, Murphy and Brodie*, with an oral argument by *Mr. George A. Brodie*.

For respondent there was a brief by *Messrs. Snow and McCamant*, with an oral argument by *Mr. Wallace McCamant*.

Opinion by MR. JUSTICE WOLVERTON.

1.  It is contended that the plaintiff is a *bona fide* holder for value of the note in question, acquired before maturity, and that he can be affected in his title thereto and right of recovery only by showing that he had notice or knowledge of any fraud which attended its inception or induced its execution and delivery, and that it was manifest error, prejudicial to plaintiff, to permit such evidence to go to the jury without tracing knowledge of the fraud to him; in other words, if he is a holder without notice of the fraud, proof of such fraud alone could not affect his right of recovery, and hence that such evidence was irrelevant and incompetent. The defense interposed is that plaintiff's alleged purchase is colorable only, and was made without consideration, after maturity, and therefore that plaintiff is not a holder for value, so that the question as touching both the relevancy and competency of the testimony complained of depends upon the further questions as to who has the burden of proof, and the nature of the testimony required to support the affirmative. A promissory note, regular upon its face, and bearing the genuine indorsement of the payee, raises a presumption, disputable in its nature,— *first*, that it was given and indorsed for a sufficient consideration; and, *second*, that the indorsement was made at the time and place of the

execution of the note, and hence before maturity: Hill's Code, § 776, subdivisions 21, 22. So that the simple introduction of a promissory note, with the indorsement shown to be genuine, creates a *prima facie* case for the indorsee, and he could safely rest without more, upon the presumption thus created in his favor that the note was both executed and indorsed for a valuable consideration, and at this stage it would not be incumbent upon such holder to show what of value he paid for the indorsement. But if it be shown on the part of the maker that the note was made under duress, or that it had its inception in fraud, or if such facts be shown as will raise a strong suspicion of fraud, a further burden will thereby be cast upon the indorsee to show under what circumstances and for what value he became the holder; that is to say, he must then show that he acquired the paper *bona fide*, for value, in the usual course of business, before maturity, and under such circumstances as to create no presumption that he had knowledge of the facts which tend to impeach its validity: 2 Greenleaf on Evidence (15th ed.), § 172; 1 Daniel on Negotiable Instruments, § 815; *Kenny* v. *Walker*, 29 Or. 41 (44 Pac. 501); *Nickerson* v. *Ruger*, 76 N. Y. 282; *Kellogg* v. *Curtis*, 69 Me. 212 (31 Am. Rep. 273); *Commissioners* v. *Clark*, 94 U. S. 285; *Smith* v. *Livingstone*, 111 Mass. 342.

2. It is sometimes difficult to determine what facts and circumstances, when shown, will be deemed sufficient to devolve this burden upon the holder,

but we think that under the authorities sufficient has been shown here by the defendant to rebut the presumptions arising from plaintiff's possession of the note, and to require a showing of the circumstances under which he purchased it, and the consideration paid therefor. See *Rogers* v. *Morton*, 12 Wend. 484; *Cummings* v. *Thompson*, 18 Minn. 246; *Conley* v. *Winsor*, 41 Mich. 253 (2 N. W. 31); *McLaren* v. *Cochran*, 44 Minn. 255 (46 N. W. 408); *Perkins* v. *Prout*, 47 N. H. 387 (93 Am. Dec. 449).

3.   Now, the plaintiff, in the introduction of his proof, went farther than he was required to in order to establish his case in the first instance; he not only introduced the note with proof of the indorsement by Morales, but he showed also the circumstances surrounding the alleged fact of his purchase, which appearing fair and regular, it is contended that it was incompetent for defendant to show fraud in the inception of the note without showing that plaintiff had knowledge thereof. But can the plaintiff, by anticipating the defense, and voluntarily assuming the burden of showing good faith in his acquirement of the paper, prevent the defendant from introducing proof of such fraud, even though he should be unable to charge plaintiff with notice or knowledge thereof before his purchase? We think not. The assumption of such burden by plaintiff did not admit the alleged fraud, and defendant was entitled to prove it as a substantive defense, to rebut the presumption which the law raises in favor of plaintiff's holding for

value and before maturity, and to cast a counter presumption that a note conceived in fraud would be quickly transferred to another to be sued upon. See *Kenny* v. *Walker*, 29 Or. 41 (44 Pac. 501.) The court below, therefore, properly admitted the proof of the alleged fraudulent inception of the note in controversy.

4. Another contention is that the court should have instructed the jury to find a verdict for plaintiff upon the ground that the testimony of himself, Morales, and Flood showed clearly that he was a *bona fide* purchaser of the note for value, before maturity, and without notice or knowledge of the alleged fraud, and that there was no evidence contradicting the same. STRAHAN, C. J., in *Coffin* v. *Hutchinson*, 22 Or. at page 556, (30 Pac. 424,) says: "When there is no conflict in the evidence, no dispute as to the facts, there is nothing to submit to the jury, and the question is one of law to be decided by the court." Assuming that the question raised is involved in this case, the attendant facts do not seem to bring it within this rule. While the defendant has not offered any testimony which disputes directly that offered by the plaintiff to show the *bona fides* of his purchase, the question of fraud attending the inception of the note was submitted to the jury, and if, upon this question, they found the defendant's contention to be true, a presumption was established against the good faith of the transfer; and, in addition to this, plaintiff's testimony was in itself in some respects conflicting

and contradictory, and was attended with circumstances calculated to discredit it, so that it cannot be said that there was no conflict in the evidence, or no dispute touching the facts, and hence it was perfectly proper for the court to submit the matter to the jury for their determination.

5.   Before the cause was submitted the plaintiff requested an instruction as follows, namely, "That the defendant having received said cigars, and having retained the same without objection, and having paid the first note given as part of the consideration for the purchase of said cigars on or about the twenty-first day of June, eighteen hundred and ninety-three, about four months after the same had been executed, and having made no objection to the payment of said note sued on in this action at the time the same was presented, about the twenty-first day of August, eighteen hundred and ninety-three, six months from the date of said note, nor having made any objection to said note until the eighth day of November, eighteen hundred and ninety-three, nearly nine months from the date of said note, that thereby the defendant was estopped from setting up said alleged fraudulent representations, or objecting to the payment of said note, for the reason that said acts on the part of defendant amounted to a ratification of said contract," which request for said instruction was refused by the court, and an exception was then and there duly allowed. And error is predicated upon the action of the court in this regard. But the instruction is

subject to the vice of assuming disputed facts to have been established, and was therefore rightly refused. The judgment of the court below will be affirmed, and it is so ordered.    AFFIRMED.