Argued 23 June, decided 13 July, 1903.

## SEARS *v.* DALY.

[73 Pac. 5.]

RIGHT OF EXECUTOR TO SUE INDIVIDUALLY.

1. Where a cause of action accrues to an executor or administrator after the death of the decedent, he may sue thereon either in his representative or his individual character, and, if the complaint states a cause of action in one or the other it is sufficient.

NOTES — PRESUMPTION AS TO EXECUTION — BURDEN OF PROOF.

2. The execution of a promissory note in action being denied, there is no presumption of its regular execution, and the burden of proof on that point is with the plaintiff throughout.

WRONG INSTRUCTION NOT CURED BY A CORRECT ONE.

3. In an action on a note, where defendant alleged that the signature of her name thereto was a forgery, an erroneous instruction that the presumption was that the note was regularly executed was not cured by a previous instruction to the effect that the burden of proof was on plaintiff to show that defendant executed the note, as it was impossible to tell which instruction the jury followed.

NOTE — FORGERY — PRESUMPTION — ABSTRACT PROPOSITION.

4. In an action on a promissory note, the execution of which is denied, defendant pleading that the signature is a forgery, an instruction that it will be presumed that the person who signed the note, if not defendant, was innocent of forgery, is of doubtful propriety : *First Nat. Bank* v. *Commercial Assur. Co.* 33 Or. 43, and *Savage* v. *Savage*, 36 Or. 268, distinguished.

BURDEN OF PROOF IN CASES OF AGENCY.

5. Where defendant denies the execution of an instrument sued on, the question is whether the act of the party signing such instrument, if not defendant, was binding on her, either because she authorized or subsequently ratified it, and the burden of proof is on plaintiff to establish the agency or ratification.

From Marion : GEORGE H. BURNETT, Judge.

This is an action by Van B. Sears, as executor, against John J. Daly, Phya Daly, his wife, and H. B. Plummer, to recover on a promissory note alleged to have been made and delivered by them to the plaintiff, who is described in the caption of the complaint "as executor of the estate of Isaac Ball, deceased," and in the body thereof it is alleged that he "was and now is the duly appointed, qualified, and acting administrator," etc., of such estate. The cause of action stated in the complaint, however, is as follows:

"That on the 9th day of September, 1896, said defendants made, executed, and delivered to plaintiff their promissory note in the sum of $300, with interest thereon after date, till paid, at the rate of 10 per cent per annum, payable on or before ninety days after date, providing therein that the principal and interest shall be paid in United States gold coin of the present standard value. Said note by its terms further provided that in case suit is instituted to collect said note or any portion thereof defendants agreed therein to pay such additional sum as the court may adjudge reasonable as attorney's fees for instituting and prosecuting such suit. A copy of said note is hereto attached * * and made a part hereof."

This allegation is followed by the averment that no payment has been made on the note except $200, paid November 11, 1898, and that there is now justly due thereon the sum of $194.35, for which the plaintiff prays judgment. From a copy of the note attached to and made a part of the complaint it appears that it is payable to "Van B. Sears, executor estate of Isaac Ball." The defendant Phya Daly alone appeared and answered. She denied the execution by her of the promissory note, and, for a further and separate defense, alleged "that she never executed or caused to be executed in her behalf said alleged note," and "that the pretended signature of this defendant to said alleged note is a forgery." The reply put in issue the new matter

alleged in the answer, and set up that the note was executed for and in consideration of the sum of $300 loaned by the plaintiff to the defendants Phya Daly and John J. Daly, for the use and benefit of Mrs. Daly ; that after the note had been executed and delivered she ratified and confirmed the execution thereof, and is therefore estopped to deny that it is her note.

At the proper time defendant requested the court to charge the jury that it was incumbent upon the plaintiff to offer some evidence of his representative character, and, as he had not done so, their verdict must be for the defendant. The court refused to give the instruction requested, and gave the following, among other instructions :

" There is some testimony here on the question of whether or not her name was signed to the note by the husband of the defendant Mrs. Daly. The defendant alleges that her name appended to the note is a forgery. It is presumed, however, that this promissory note was given for a sufficient consideration ; it is presumed that private transactions are fair and regular. It would be presumed that this note was regularly executed, but these presumptions are disputable presumptions, and may be overcome by other evidence ; but they go to you for what you may deem them to be worth in making up your minds as to your verdict." Again : " It is also presumed that a person is innocent of any crime or wrong, and it would be presumed that the person who signed that note, if not Mrs. Daly, was innocent of the crime of forgery, which she alleges was the cause of her signature or name at the foot of the note. This is also a disputable presumption, and may be overcome by other evidence."

The jury returned a verdict in favor of the plaintiff, whereupon defendant moved for judgment notwithstanding the verdict, because no proof had been offered of a cause of action in favor of the plaintiff in his representative capacity as the executor of the Ball estate, and because the facts alleged in the complaint do not state such a cause of

action. This motion was overruled, and judgment entered in favor of the plaintiff, and defendant appeals, assigning as error (1) the refusal to instruct the jury to find for defendant on account of the failure of proof, (2) the giving of the instruction that there is a presumption that the note was given for a sufficient consideration and was regularly executed, and (3) remarks of the trial judge to counsel during the progress of the trial.     REVERSED.

For appellant there was a brief over the names of *William M. Kaiser* and *Woodson T. Slater*, with an oral argument by *Mr. Slater*.

For respondent there was a brief and an oral argument by *Mr. N. L. Butler* and *Mr. Edw. F. Coad*.

MR. JUSTICE BEAN, after stating the facts in the foregoing language, delivered the opinion of the court.

1. The failure of the plaintiff to prove his representative capacity, or that the note in suit was the property of the estate of which he was executor, was immaterial. The note is alleged to have been given to him after the death of his testator. Where a cause of action accrues to an executor or administrator after the death of the decedent, he may sue thereon either in his representative or his individual character, and, if the complaint states a cause of action in one or the other, it is sufficient: *Burrell* v. *Kern*, 34 Or. 501 (56 Pac. 809). The averment, therefore, as to the plaintiff's representative character may be regarded as surplusage, and the complaint still state a good cause of action in his favor as an individual. It is a matter of no moment to the defendant in what character the action is prosecuted, or how the complaint shall be construed in this respect. She could in any event set up whatever defense she may have to the note, and the judgment would be a bar to the prosecution of another action upon the same liability. There was no error, therefore, in the refusal of the court

to instruct the jury to return a verdict in favor of the defendant on account of the failure of proof, or in overruling her motion for judgment notwithstanding the verdict

2. In an action upon a promissory note, where its execution is denied by the defendant, there is no presumption that it has been regularly executed. In such case the plaintiff must establish the fact that it is the note of the defendant, and on this proposition he has the burden of proof throughout: Byles, Bills (7 ed.), 438; *Simpson* v. *Davis*, 119 Mass. 269 (20 Am. Rep. 324); *Mills* v. *United States Bank*, 24 U. S. (11 Wheat.) 431. In case an instrument in form a promissory note is shown or admitted to have been executed, certain presumptions will attach to it in the hands of the holder, such as that it was made for a valuable consideration, regularly indorsed for value before maturity, is truly dated, and the like (*Owens* v. *Snell*, 29 Or. 483, 44 Pac. 827; *Kenny* v. *Walker*, 29 Or. 41, 44 Pac. 501); and, in an action thereon between the immediate parties, the *onus* is upon the defendant to establish any affirmative defense: Bailey, Onus Probandi, 221. But, where the making of the note is the point in issue, no presumption can attach until its execution is shown. A promissory note is a promise in writing to pay to a person therein named a certain sum of money at a specified time. Until the fact of the signing and delivery by the defendant, or by his authority, is established, there is no promissory note, and nothing to which a presumption can attach. The instruction of the court, therefore, that it will be presumed that the note in suit was regularly executed, was erroneous, because it shifted the *onus* of proof from the plaintiff to the defendant. It was in effect ruling that, if no evidence whatever had been offered as to the execution of the note, the plaintiff would have been entitled to a verdict, or, if the evidence was equally balanced, the plaintiff should prevail on account of such presumption. It

thus shifted the burden of proof, and required the defendant to show affirmatively that she did not execute the note nor authorize its execution, when, under the law, the burden was upon the plaintiff.

3. The error was not cured by a previous instruction to the effect that the burden of proof was upon the plaintiff to show that the defendant executed the note in question, as it is impossible to tell which instruction the jury followed.

4. The instruction that it will be presumed that the person who signed the note, if not Mrs. Daly, was innocent of the crime of forgery, was probably correct as a proposition of law, but we doubt its application to this case. Such an instruction would be eminently proper in a criminal action, and may sometimes be given in a civil action when the inquiry involves an examination of facts relating to the conduct of a party thereto which would constitute a crime (*First Nat. Bank* v. *Commercial Assur. Co.* 33 Or. 43, 52 Pac. 1050; *Savage* v. *Savage*, 36 Or. 268, 59 Pac. 461), but its propriety may well be doubted where some act of a third person, not a party to the litigation, is under consideration. However that may be, there is no question in this case concerning the crime of forgery. The only allusion to it is in the defendant's answer.

5. The question upon the trial on this branch of the case was whether the act of the party signing the note, if not Mrs. Daly, was binding on her, either because she authorized or subsequently ratified it, and the burden of proof was upon the plaintiff to establish the agency or ratification: *Connell* v. *McLoughlin*, 28 Or. 230 (48 Pac. 218). As the judgment must be reversed for these reasons, it is unnecessary to consider the other assignment of error. Judgment reversed and a new trial ordered.

                                        REVERSED.