Davis, J.
The defendant in error sued to recover on four promissory notes. One of the defenses thereto was want of consideration. On the trial and before argument to the jury, the defendant below, plaintiff in error here, asked the court to charge the jury that the burden of proof was upon the plaintiff to satisfy the jury by a preponderance of the evidence, that the notes were given for a valuable consideration; that such burden did not shift to or upon the defendant at any stage of the case; and that, although the presumption is- that the notes were given upon a sufficient consideration, yet when other evidence on that subject is offered by the defendant, the burden is on the plaintiff to satisfy the jury upon all of the evidence that there was a consideration for the notes. The court refused to so instruct the jury and, after the argument, instructed the jury as follows: “The law presumes the existence of a consideration for a promissory note, and this presumption continues until it is shown that there was none. * * * The'defendant in this action, in addition to the denial of the execution and *127 delivery of the notes in question, charges that said notes are wholly without consideration. Upon the issues of the absence or want of consideration, the burden of showing this is on the defendant. He must show by a preponderance of the evidence that the notes in question were without consideration.” The verdict and judgment were for the plaintiff, and the judgment in the court of common pleas was affirmed by the circuit court. It appears to us that these facts disclose an error of sufficient gravity to require the reversal of the judgment below.
The weight of the evidence, or as it is otherwise expressed, the preponderance of the evidence, may vary from side to side as a'trial progresses; but the burden, which rests upon the plaintiff to establish the material averments of his cause of action by the preponderance of all the evidence, never shifts. The party who maintains the affirmative of an issue carries the burden of proof through the whole case, although he may be aided by such a rebuttable presumption of law, or such facts, as would prima facie support his contention. His opponent need do no more than counterbalance the presumption, or prima facie case. It is not necessary that the petition should in terms contain the averment that the note was based on a valuable consideration, because that is presumed; but when consideration is denied in the answer there is an issue made upon that point, on which the plaintiff has the affirmative, and, the presumption being prima facie■ only, and not conclusive, the burden of proof necessarily rests upon the plaintiff to show a consideration by a preponderance of the *128 whole evidence given on the trial of the issue. The reason of the rule, and some of the authorities which support it, are fully shown in Klunk v. Railway, 74 Ohio St., 125. It would be easy to amplify the citation of authorities (for example, see cases cited 4 Am. & Eng. Ency. Law (2 ed.), 200, n. 2; Hurley v. Ry. Co., 180 Mass., 370; Bank v. Adams, 70 Vt., 132; Kenny v. Walker, 29 Ore., 41; Owens v. Snell, 29 Ore., 483; 16 Cyc., 932-934), but it would not clarify the proposition to any extent. Indeed, it is not believed that the courts below would have fallen into this error, but for a misconstruction of Dalrymple, Admr., v. Wyker, Admr., 60 Ohio St., 108.
There were only two questions considered in that case. The first one was, whether the defense of want of consideration, as it was there pleaded, was good against a demurrer. This court held that it was not. But the case having been heard on evidence, the court proceeded to the second question, namely, whether the evidence adduced by the defendant was sufficient to overcome the presumption of a valuable consideration; and this was the conclusion of the court: “The evidence
then does not overcome the presumption of a consideration arising from the giving of the note. In other words, to say the least, the evidence leaves the case in as much uncertainty as to whether there was, as to whether there was not, a consideration sufficient in law to support the note, and, consequently, the note with the presumption in its favor must prevail.” It must be obvious, therefore, that the question involved in the case, at bar was not raised by the record in Dalrymple, *129 Admr., v. Wyker, Admr., and was not considered by the court; and the syllabus of that case cannot be construed as being any broader than the facts of the case would warrant.
It is proper to say further, replying to a suggestion by counsel in argument, that a plea of failure of consideration, or of payment, presents a case very different from this. These defenses, as it were, confess and avoid. They are affirmative defenses, and upon such the burden is upon the defendant from the beginning to the end, just as it is upon the plaintiff here.
The judgment of the circuit court and that of the court of common pleas are

Reversed.

Crew, C. J., Summers, Spear and Shauck, JJ-, concur.