LEWIS B. DANIELS, ADMINISTRATOR *vs.* SADIE PRIEST.

Somerset.      Opinion December 30, 1931.

*W. L. Waldron*, for plaintiff.
*H. R. Coolidge*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

THAXTER, J.    The plaintiff brought this action of trover as administrator of the estate of his brother, Elmer Daniels, who shortly before his death had sold a Dodge automobile to one Cochran. A claim of $450, being the balance of the purchase price due at the time of the death of the intestate, was one of the assets of his estate. Cochran, being unable to pay this, gave to the administrator a Holmes note with the car as security. This note, however, was payable not to Daniels as administrator but to him as an individual. It was obviously, however, intended to be treated by him as an asset of the estate. Cochran after he had paid $115 on this note was unable to meet the balance, and agreed to surrender the car to Daniels in return for a discharge of the note. The car was kept in the garage of the defendant, who refused to deliver it to the plaintiff until a storage bill of $84 was paid. The plaintiff refused to pay this and brought this action of trover. After a verdict for the plaintiff for $218, the case is before this Court on the defendant's exception to the refusal of the presiding Justice to direct a verdict in her favor.

The contention of the defendant is that the action can not be maintained by the plaintiff as administrator, because he took title to the car as an individual, and as administrator acquired only an equitable interest in it. Such claim has a more tender regard for the form than for the substance of the transaction.

The arrangement between the administrator and the car owner seems to have been a practical method of settling the claim due the estate; but we are not concerned with its propriety. That is a matter to be settled by the Probate Court on the allowance of the administrator's account. However the Holmes note may have read, it was regarded as an asset of the estate, and the administrator in bringing suit for conversion of the car elected to treat the title to it in himself as administrator. It was hardly necessary for him before

bringing that action to sit down and execute a bill of sale from himself as an individual to himself as administrator.

If an executor or administrator for an indebtedness due the estate takes a negotiable note in his own name, he may nevertheless sue on that in his representative capacity. *Krutz* v. *Stewart*, 76 Ind., 9, 11; Schouler: Wills, Executors & Administrators, 5 ed., Sec. 1293.

Indeed the ordinary rule is well settled that for a cause of action accruing subsequent to the death of an intestate, whether it be in tort or in contract, if the money or property recovered would be assets of the estate, the administrator has the option of suing in his representative capacity or in his own name. *Pierce* v. *Strickland*, 26 Me., 277, 290; *Heath* v. *Chilton*, 12 M & W, 631, 637; *Mowry* v. *Adams*, 14 Mass., 327, 329; *Kent* v. *Bothwell*, 152 Mass., 341; *Lawson's Executor* v. *Lawson*, 16 Gratt, 230, 80 Am. Dec., 702; *Kane* v. *Paul*, 14 Pet., 33, 10 L. Ed., 341; Greenleaf, Evidence, 13 ed., Vol. 2, Sec. 338.

The property received by the plaintiff in the settlement belonged to the estate of which he was the representative. That he had not before bringing suit transferred title to himself as administrator does not bar his right to sue in his representative capacity. To hold otherwise would be to deny him a just remedy in favor of a fruitless observance of a mere form.

*Exception overruled.*