Submitted on briefs May 10, affirmed May 23, petition for
rehearing denied June 6, 1951

IN RE THE ESTATE OF CHARLES H. BOYDSTON, DECEASED
SENTER *v.* BURKHALTER, EXECUTRIX
232 P. 2d 67

*Asa L. Lewelling,* of Salem, filed a brief for appellant.

*Floyd D. Moore,* of Portland, filed a brief for respondent.

LUSK, J.

This is an appeal by a claimant against an estate from a judgment for the defendant entered notwithstanding the verdict of the jury.

Charles H. Boydston died on July 18, 1948, and Anna Pearl Burkhalter was appointed executrix of his estate by the Circuit Court for Marion County on July 27, 1948, and qualified. On September 4, 1948, the claimant, Addie B. Senter, who is also the appellant, presented to the executrix an unverified statement of account reading as follows:

"September 4, 1948

"Estate of Charles H. Boydston to Nancy E. Boydston dr in care of Addie B. Senter, 2460 Trade Street, to money loaned on house.

"Check No. 11 dated 2-18-47      600
"Check No. 18 dated 7-18-47      200
"Check No. 21 dated 4-20-48       80
                    "Total                880"

Charles H. Boydston was the son, and Addie B. Senter the daughter, of Nancy E. Boydston.

The parties agree that the foregoing claim, if such it can be called, was never acted upon. On September 5, 1948, Nancy E. Boydston died. Sometime in April, 1949, Addie B. Senter presented to the executrix of the estate of Charles H. Boydston, deceased, a claim verified under date of March 31, 1949, and which, omitting the verification, reads as follows:

"PROOF OF CLAIM AGAINST THE ESTATE OF CHARLES H. BOYDSTON, DECEASED

"I, Addie B. Senter, being first duly sworn, depose and say that I loaned to Charles H. Boydston during his lifetime the sum of $880, which moneys he agreed to pay. That said loans are evidenced by bank checks on the Ladd and Bush, Salem Branch of the U. S. National Bank, endorsed by Charles H. Boydston. That said checks consist of a check in the amount of $600 dated February 18, 1947, a check in the sum of $200 dated July 18, 1947, and a check in the sum of $80 dated April 20, 1948, which checks will be produced upon demand, and I hereby verify that the amount claimed, to wit: the sum of $880 is justly due; that no payments have been made thereon; and that there is no just counterclaim to the same to the knowledge of the affiant."

The claim having been rejected by the executrix, a summary hearing was had and the claim was similarly rejected by the court on March 8, 1950. The claimant thereupon demanded a plenary hearing in accordance with the procedure prescribed in Ch. 477, Oregon Laws, 1949. See *Brown v. Irwin*, 187 Or. 462, 212 P. 2d 729. In the meantime, on March 4, 1950, Addie B. Senter had been appointed administratrix of her deceased mother's estate by the Circuit Court for Marion County and letters of administration had been issued to her. The

case was again tried to a jury on July 18, 1950. At the conclusion of the testimony the defendant executrix moved for a directed verdict on the ground that Addie B. Senter was not a proper party and that the money, ''loaned or given, whatever the case may be, was the money of Nancy E. Boydston, not Addie B. Senter.'' The court, reserving decision on the motion, submitted the case to the jury, and, after a verdict had been returned in favor of the claimant, on motion entered judgment for the executrix notwithstanding the verdict.

On the trial the evidence of the claimant showed that in 1947 and 1948 her mother, Nancy E. Boydston, who was then upwards of 90 years of age, had turned her money over to the claimant to be kept in the latter's bank account. The only testimony regarding this arrangement was that of the claimant, who said that since her mother ''couldn't see to handle it or write checks it was just placed in my account in the bank so I could write the checks as she directed.'' Pursuant to this arrangement the claimant, at the direction of her mother, drew checks in favor of Charles H. Boydston, her brother, for the respective amounts set forth in the claim. There was a dispute in the evidence as to whether the moneys thus received by Boydston were intended to be a gift to him, or a loan as the claimant contends. That dispute was settled by the verdict of the jury and we are not concerned with it here.

■ The question for our consideration is whether the verdict should have been permitted to stand in view of the complete departure in the evidence from the averments of the claim. Addie B. Senter alleged that *she* had loaned money to Charles H. Boydston, deceased. She testified that her mother loaned the money and that she acted merely as her mother's agent in disburs-

ing the funds and that the debt, if any, is owing to her mother's estate, not to her. The doctrine of our decisions is that the claimant must recover, if at all, upon the claim as presented, for upon that the executrix acted when she disallowed the claim. *Wilkes v. Cornelius,* 21 Or. 348, 352, 28 P. 135. See, also, *In re McKinney's Estate,* 175 Or. 28, 38, 149 P. 2d 980, 151 P. 2d 459; *In re Estate of Banzer,* 106 Or. 654, 659, 213 P. 406.

■ Counsel for the claimant contends, first, that she was trustee of an express trust and as such could sue in her own name under the provisions of § 1-303, O.C.L.A., which reads as follows:

"An executor or administrator, or trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted. A person with whom, or in whose name a contract is made for the benefit of another, is a trustee of an express trust within the meaning of this section."

But the claimant, in writing the checks and delivering them to her brother, was no more than an agent for her mother. The contract was between her mother and Charles H. Boydston, and Addie B. Senter had no personal interest in the subject matter and could not, therefore, maintain an action as principal. *Simon v. Trummer,* 57 Or. 153, 158, 110 P. 786. See Annotation, 112 A.L.R. 1514. And if the contract sued on was made for the benefit of the mother, that fact should have been stated in the claim. *Holladay v. Davis,* 5 Or. 40, 43.

■ The principal contention of the claimant is that the judgment when satisfied will fully protect the executrix of the estate of Charles H. Boydston, deceased, against litigation on the same claim, for the reason

that the claimant is the administratrix of the estate of Nancy E. Boydston, deceased. The difficulties with that position are, first, that the claimant is not the administratrix of that estate but is the individual, Addie B. Senter; and, second, that the claim does not state a cause of action in favor of that estate nor contain the slightest suggestion that the moneys loaned to Charles H. Boydston, deceased, were the moneys of his mother or were loaned by her to him, or that he ever was indebted to her. The verdict of the jury could not and did not determine that issue. All that it could adjudicate was the issue of whether or not the estate of Charles H. Boydston, deceased, was indebted for money lent by Addie B. Senter.

When the claim was presented no administrator of the estate of Nancy E. Boydston, deceased, had been appointed, and there was no one in existence who was qualified to file a claim on behalf of her estate. If, however, at that time Addie B. Senter had been, as she became more than a year later, the administratrix of her mother's estate, she could not have maintained an action in her own name to recover the moneys claimed to have been loaned to Charles H. Boydston, deceased. The general rule is that an executor or administrator must sue in his representative capacity, and not otherwise, on a cause of action which accrued in the lifetime of the decedent whom he represents, but, when the cause of action arises subsequent to the death of the decendent, the representative may sue in his individual capacity. 21 Am. Jur., Executors and Administrators, 876, § 898; *Kane v. Paul,* 39 U.S. 33, 10 L. ed. 341; *Hanover Fire Ins. Co. v. Street,* 234 Ala. 537, 176 So. 350; *Kent v. Bothwell,* 152 Mass. 341, 25 N.E. 721;

*Lawson's Ex'or v. Lawson,* 57 Va. 230, 80 Am. Dec. 702.
The court in *Kane v. Paul,* supra, said:

> "The distinction is, that when an executor sues
> in respect of a cause of action which occurred in
> the lifetime of the deceased, he must declare in
> the detinet, that is, in his representative capacity
> only. But where the cause of action accrues after
> the death of the testator, if the money recovered
> will be assets, the executor may declare in his repre-
> sentative character, or in his own name."

While, so far as we have been able to discover, there
are no decisions in this state which involve attempts
of an executor or administrator to sue in his own name
on causes of action arising before the death of the de-
cedent, this court has in the following cases recognized
the distinction pointed out by the Supreme Court of the
United States and the other authorities above cited:
*Reed v. Hollister,* 95 Or. 656, 662, 188 P. 170; *Sears v.
Daly,* 43 Or. 346, 73 P. 5; *Burrell v. Kern,* 34 Or. 501,
503, 56 P. 809.

We are dealing here with a cause of action which
arose before the death of Nancy E. Boydston. Addie
B. Senter, the individual, had no standing to prosecute
such a claim. Had Addie B. Senter been the adminis-
tratrix at the time the claim was presented she would
have been required, under the established rule, to
sue in her representative, not her individual, capacity
and to state facts in the claim which, if proved, would
have entitled her to recover in such capacity. Had she
proceeded in her individual and not in her representa-
tive capacity, but had presented a claim which showed
a right of recovery in the estate of Nancy E. Boydston,
deceased, the contention of claimant's counsel that the
absence of a proper party is a matter of no concern to
the executrix of the estate of Charles H. Boydston, de-

ceased, would have merited serious consideration. But that is not the posture of this case. Not only is there no proper party, but there is no semblance of a cause of action stated in favor of the estate of Nancy E. Boydston, deceased. See *Fesmire v. Brock,* 25 Ark. 20. Litigation of a claim of Addie B. Senter against the estate of Charles H. Boydston, deceased, developed into the trial of a claim of the administratrix of the estate of Nancy E. Boydston, deceased, and a verdict in favor of Addie B. Senter, the individual. One set of facts was alleged and an entirely different set of facts proved and a recovery allowed which, it is said, will inure to a total stranger to the litigation. But it cannot so inure, except by the grace of the claimant, who received at the hands of the jury a verdict wholly unsupported by evidence.

In our opinion the Circuit Court was right in granting the motion for judgment notwithstanding the verdict, and the judgment is therefore affirmed.