[No. 416. Decided January 26, 1892.]

T. S. McDANIEL, *Appellant*, v. F. E. PRESSLER AND S. J. ANDERSON, *Respondents*.

ACTION ON PROMISSORY NOTE—PARTY IN INTEREST—PLEADING—USURY.

Where promissory notes have been assigned to plaintiff for the purpose of suit, he has sufficient interest therein to constitute the real party in interest in an action to enforce collection thereof.

In an action in this state upon a promissory note executed in the State of Oregon on a loan made there, an answer alleging that fact, and that, under the laws of Oregon (citing § 3587 of the code of that state), such note is usurious, is demurrable for want of sufficient facts to constitute a defense, being pleaded as a complete defense, while in fact only a partial defense to the action, as the only effect of the Oregon statute attempted to be pleaded would be to prevent the collection of interest in excess of ten per centum.

*Appeal from Superior Court, Clarke County.*

The facts are sufficiently stated in the opinion.

*E. E. Coovert*, and *Alfred F. Sears, Jr.*, for appellant.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought by the appellant against respondents in the superior court of Clarke county to recover the sum of four hundred dollars, with interest thereon, according to the terms of eight promissory notes, copies of which are set forth in the complaint. The respondents answered, admitting the execution of the notes,

but alleged that said notes were executed in Oregon, that
the loan was made in Oregon, and that under the laws of
the State of Oregon in force at the time said notes were
executed, said notes, and the contract under which they
were given, were usurious; setting up the circumstances
surrounding the execution of the notes in support of their
allegations, and citing § 3587 of chapter 51 of the Code of
Oregon. Appellant demurred to the answer, on the ground
that it did not state facts sufficient to constitute a cause of
defense to the several causes of action set forth in the
complaint, or any of them. The demurrer was overruled,
and a reply to the answer filed. On the issues thus made
the case was called for trial, Hon. Edward F. Hunter, pre-
siding judge. The attorney for plaintiff, in his opening
address to the jury, made the following statement of facts,
the proof of which he relied on to obtain judgment:

"*First:* That defendant Pressler, at the time named in
the pleadings, applied to the firm of Lent & McGrew (the
plaintiff was their bookkeeper) for a loan; that one James
Humphrey had money in the hands of said Lent & McGrew
to be loaned by them as his agents, Humphrey receiving
threfor his money in return and legal interest only; that
said firm of Lent & McGrew loaned to defendants the sum
aforesaid and in the pleadings named, the money being said
Humphrey's money; Humphrey was to receive ten per
cent. per annum interest only; but Lent & McGrew were
paid by defendants the sum of $75.90 as a bonus or com-
mission for their services, which was not shared by Humph-
rey, and also $23.10 advance interest for Humphrey; that
Humphrey neither shared this commission, authorized it,
ratified it or had knowledge of it.

"*Second:* That said Humphrey assigned and indorsed in
writing the notes named in the complaint to the plaintiff
for the purpose of suit, plaintiff having no interest other
that that of the legal holder of said notes and the nominal
indorsee."

Whereupon the court ordered a judgment of non-suit in
favor of defendants and against plaintiff upon the grounds

disclosed in both the foregoing statements of facts. To which ruling of the court the plaintiff by his counsel duly excepted, which exception was by the court allowed. It seems that the non-suit was not asked by the defendant, but was a voluntary order on the part of the court. This action of the court we think entirely unwarranted by the law. Section 286 of the code gives the court authority to dismiss an action or to enter a judgment of non-suit on its own motion under the following conditions: (1) When upon the trial, and before the final submission of the case, the plaintiff abandons it  (2) On the refusal or neglect of the plaintiff to make the necessary parties after having been ordered by the court. (3) For disobedience of the plaintiff to an order concerning the proceedings in the action. And in no other case can the rights of litigants be thus summarily disposed of by the court. The statute provides other ways of procuring judgments for non-suit, but it must be on the motion of one or both of the parties to the action; and after these modes are pointed out in § 286, it especially provides, in § 287, that in every other case the judgment shall be rendered on the merits. An attorney can ordinarily be relied upon to protect the legal rights of his client. In this instance there was no ground for a motion for a non-suit, which probably accounts for the fact that none was made by the attorney for the defendants. We gather from the brief of the appellant (the respondents not appearing to sustain the judgment), that the theory of the court was that the plaintiff was not the real party in interest. We think the hitherto undisputed construction of § 15 of the code has been, that an assignment for the purpose of collection is an assignment for a valuable consideration. See also *Hays v. Hathorn,* 74 N. Y. 486, and numerous cases cited. We think that under the statement of the attorney the plaintiff showed sufficient interest in the notes to sustain the action upon them as plaintiff.

The appellant also assigns as error the overruling by the court of plaintiff's demurrer to the answer. This ground of error must also be sustained. The defense was based upon a statute of Oregon. Laws of foreign countries must be pleaded and proven as any other fact, and in this respect the law of another state of the union is the law of a foreign country, and the court will not take judicial notice of it. The answer cites § 3587 of the Code of Oregon, which is as follows:

"SEC. 3587. The rate of interest in this state shall be eight per centum per annum and no more on all moneys after the same become due; on judgments and decrees for the payment of money; on money received to the use of another and retained beyond a reasonable time without the owner's consent, expressed or implied; or on money due upon the settlement of matured accounts from the day the balance is ascertained; on money due or to become due where there is a contract to pay interest and no rate specified. But on contracts interest at the rate of ten per centum per annum may be charged by express agreement of the parties, and no more."

It will be observed that while this section provides in substance that interest on contracts shall not exceed ten per cent. per annum it does not prescribe a penalty; and all the effect that law would have, if it stopped there, and it will be presumed to for the purpose of this demurrer, no other law being pleaded, would be to prevent the collection of interest in excess of ten per cent. This would only be a partial defense to the action, and being pleaded as a complete defense and failing in that, it will fail as a partial defense. The rule is laid down thus in Pomeroy's Remedies and Remedial Rights, § 608:

"While partial defenses are to be pleaded, it is well settled that they must be pleaded *as such*. If a defense is set up as an answer to the whole cause of action, while it is in fact only a partial one, and even though it would be admissible as such if properly stated on the record, it will be

bad on demurrer; and the facts alleged will not constitute a ' defense.' "

And while the author criticises the rule, he asserts that it is well established, and cites many cases sustaining it, and none to the contrary.

This disposes of all the questions that are before this court for decision. Appellant, however, sets up in his reply §§ 3588–89, being the two sections following the section in the Oregon code cited by defendants, which sections provide that, " If it shall be ascertained in any suit brought on any contract that a rate of interest has been contracted for greater than is authorized by this chapter, either directly or indirectly, in money, property or other valuable thing, or that any gift or donation of money, property or other valuable thing has been made or promised to be made to a lender or creditor, or to any person for him, directly or indirectly, either by the borrower or debtor, or any person for him, the design of which is to obtain for money so loaned or for debts due or to become due a rate of interest greater than that specified by the provisions of this chapter, the same shall be deemed usurious and shall work a forfeiture of the entire debt so contracted to the school fund of the county where such suit is brought. The court in which such suit is prosecuted shall render judgment for the amount of the original sum loaned or the debt contracted, without interest, against the defendant and in favor of the State of Oregon, for the use of the common school fund of said county, . . . whether such suit be contested or not," and asks the court to obviate the necessity of another appeal in case of amendment of the answer by the respondents, by deciding that such law cannot be pleaded as a defense to this action. It would seem that inasmuch as the statute of Oregon provides that the court shall render judgment for the amount of the original sum loaned, for the benefit of the school fund, it would

preclude the idea that the legislature intended to make such
a contract void so that there could be no recovery at all,
and as the courts of the State of Washington would be
powerless to comply with the provisions of the law so far
as the recovery of the beneficiary named in the law is con-
cerned, the only effect of allowing the defendants in this
action to plead the Oregon statute would be to relieve them
of paying the debt altogether, which was evidently not the
intent of the law. But inasmuch as the decision of this
question is not necessary for the determination of this ap-
peal, and for the further reason that no brief has been filed
on the other side, we only express a *prima facie* view, and
will not be bound by it if the same question should be
properly presented to us in some case hereafter.

For the reasons assigned, the judgment will be reversed,
and the case remanded with instructions to proceed in ac-
cordance with this opinion.

ANDERS, C. J., and SCOTT, HOYT and STILES, JJ.,
concur.