Watson *v.* Conwell.

Filed Feb. 2, 1892.

* * *

No. 429.

## WATSON *v.* CONWELL.

PARTIES.—*Action on Account.*—*Assignment without Endorsement in Writing.*— *Demurrer.*—In a suit upon an account alleged to have been assigned to the plaintiff, but not by endorsement in writing, the complaint is subject to a demurrer for defect of parties defendant if the assignor is not made a party. Section 276, R. S. 1881.

PLEADING.—*Complaint before Justice of the Peace.*—A complaint in a cause originating before a justice of the peace is good if it contain enough substance to bar another action for the same demand.

From the Howard Circuit Court.

*J. C. Blacklidge, C. C. Shirley* and *B. C. Moon,* for appellant.

REINHARD, J.—Action by the appellee against the appellant before a justice of the peace. The complaint was in two paragraphs. In the circuit court, to which the cause was appealed, there was a demurrer to each paragraph of the complaint, which was overruled. This ruling is one of the errors relied upon by the appellant for the reversal of the judgment.

As to the second paragraph there were two causes of demurrer assigned:

1. Want of sufficient facts.

2. A defect of parties defendant.

It was averred in the second paragraph that the defendant is indebted to the plaintiff in the sum of $95.07. "That in the month of June, 1887, said defendant and one James Rayl were partners in the construction of a certain drain in the city of Kokomo, Indiana; that at said date said Rayl was indebted to plaintiff for house rent in about the sum of $95, and, being unable to pay the same, and there being then due and owing said Watson and Rayl about $500 for work done by them as partners, of which said Rayl was justly entitled to the sum of $95.07, which he assigned to plaintiff herein, it was agreed by the plaintiff and defendant herein and said Rayl that said defendant, Watson, should collect the money then due said Watson and Rayl, and, as soon as sufficient money was collected to pay off said amount of $95.07, defendant should pay the same to plaintiff. The plaintiff says that said sum has long since been paid to said Watson, but he has failed and refused to pay said sum to plaintiff, or any part thereof, and still fails and refuses to pay the same, and plaintiff says that said sum is due, with interest thereon to the amount of $20. Wherefore," etc.

It will be noticed that the account sued upon, or the interest therein claimed by the appellee, is alleged to have been assigned to the said appellee by Rayl. The appellant insists that Rayl, the assignor, should have been made a party defendant, and that the failure to do so was a sufficient ground

for sustaining the demurrer on account of a defect of parties defendant.

We are of opinion that the appellant must prevail in this contention. It is provided by statute that " when any action is brought by the assignee of a claim arising out of contract, and not assigned by endorsement in writing, the assignor shall be made a defendant, to answer as to the assignment of his interest in the subject of the action." Section 276, R. S. 1881.

There is no averment as to any " endorsement in writing " having been made, and no reason is stated why the assignor is not joined as a defendant. An objection of this character is properly taken by demurrer for a defect of parties defendant." *Gordon* v. *Carter,* 79 Ind. 386 ; *Kennedy* v. *Anderson,* 98 Ind. 151 ; Thornton & Ballard's Code, section 276, and notes.

The requirement of the statute seems to be imperative, and it was error to overrule the demurrer.

Upon the other ground of demurrer we think this paragraph is sufficient. As the cause originated before a justice of the peace, we must hold the complaint good if it contain enough substance to bar another action for the same demand. *Milhollin* v. *Fuller,* 1 Ind. App. 58.

With regard to the first paragraph we have some doubt as to its sufficiency, but, as it may be amended on another trial, we need not express any opinion. Other points are presented, but, as they may not arise again, we need not consider them.

Judgment reversed, with directions to the court below to sustain the demurrer to the second paragraph of the complaint and for further proceedings.

It appearing that since the submission of this cause the appellee has died, it is ordered that the judgment of reversal be entered as of the date of submission of the cause, viz., April 30th, 1891.

Filed Feb. 3, 1892.