[No. 1720. Decided September 21, 1895.]

C. M. RIDDELL, *Respondent,* v. ANTHONY P. PRICHARD *et al., Appellants.*

ACTION BY ASSIGNEE OF NOTE—FINDINGS OF COURT—REVIEW ON APPEAL.

An assignment of a promissory note to an attorney at law for the purpose of collection is sufficient to warrant the bringing of suit thereon in his own name.

A finding of the trial court, that a promissory note in suit had not been paid, nor its time of payment extended, will not be disturbed when there is a substantial conflict in the testimony.

*Appeal from Superior Court, Pierce County.*

*Parsons, Corell & Parsons,* for appellants.

*Fenley Bryan,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—This appeal is from a judgment rendered against the appellants as makers of a certain promissory note. The grounds upon which it is claimed that it should be reversed are, (1) that the plaintiff did not have such title to the note as would authorize him to maintain an action thereon; (2) that the note had been satisfied by the acceptance by the bank which owned it of the note of A. P. Prichard in its place; and (3) that Gilman W. Prichard was only surety upon the note and had been released by the extension of the time of payment.

The question raised by the first assignment of error was decided by this court adversely to the contention of the appellants in *McDaniel v. Pressler,* 3 Wash. 636 (29 Pac. 209). It is true that in that case the assignee of the note was not an attorney at law; but we are not

aware of any law which would warrant us in holding that an attorney at law would not take the same title and rights under the assignment as any other person.

The other two assignments are founded upon the evidence introduced at the trial. The trial court upon such evidence found as facts that the note had not been paid and that its time of payment had not been extended; and for the reason that there was a substantial conflict in the testimony upon these questions it is not within the province of this court to disturb such findings, and, as they were sufficient to warrant the conclusions of law drawn therefrom, the judgment rendered thereon must be affirmed.

ANDERS, SCOTT, DUNBAR and GORDON, JJ., concur.