[No. 2355.  Decided January 21, 1897.]

MARY A. BROOKS, *Respondent*, v. ANNIE JAMES *et al.*, *Defendants*, W. A. LEWIS *et ux.*, *Appellants.*

COST BOND — SURETIES — JUDGMENT — NOTICE OF SIGNING — ACTION ON PROMISSORY NOTE BY ASSIGNEE — PROOF OF OWNERSHIP.

Residence in the county in which an action is brought is not a requisite for a surety upon a cost bond.

Sureties upon a cost bond are not required to justify as to their separate property, until after objection is raised as to their qualifications.

Under Laws 1893, p. 112, § 3, the prevailing party has a right to present his decree to the court for signature without giving the other party notice of the time and place of signing the same.

The holder of a note, which had been assigned to such holder by indorsement of a corporation through one of its officers, can introduce the note in evidence in an action thereon, as possession of the note, coupled with such indorsement, is sufficient to establish *prima facie* that plaintiff is the owner and holder thereof and that it is unpaid.

Appeal from Superior Court, Spokane County.— HON. JAMES Z. MOORE, Judge.  Affirmed.

*W. A. Lewis*, for appellants.

*Mendenhall & Tolman* (*Smith and Cole*, of counsel), for respondent:

The law is that in an action on a promissory note the possession and the production of the note by the plaintiff uncanceled and unextinguished by indorsements of payments, or otherwise, is *prima facie* evidence that the plaintiff is the owner of the note, and that it is unpaid. *Bank of California v. Mott Iron Works*, 45 Pac. 674; *Yakima National Bank v. Knipe*, 6 Wash. 348; *McDaniel v. Pressler*, 3 Wash. 636; *First National Bank v. Emmitt*, 35 Pac. 213; *Meadowcraft v. Walsh*, 39 Pac. 915; *Collins v. Gilbert*, 94 U. S. 754;

*O'Keeffe v. First National Bank,* 30 Pac. 473; *National State Bank v. Richardson,* 2 N. Y. Supp. 804; 1 Daniel, Neg. Inst. (3d ed.) §§ 573, 575, 576.

The opinion of the court was delivered by

GORDON, J.—Respondent's action was to foreclose a mortgage executed by Anna James and her husband, H. D. James, to the Charles F. Emery Real Estate Loan Company. The complaint alleges that subsequent to the execution of the mortgage and the note secured thereby, the mortgagee, for valuable consideration, indorsed the note and assigned said mortgage to one A. E. Bachelder, trustee, and that thereafter Bachelder, as trustee, in writing duly assigned to the respondent all his interest in and to the note and mortgage. The appellants were made parties defendant, and as to them the complaint alleges that they "have or claim to have some lien or interest in said premises, which lien or interest, if any, is subsequent and inferior to that of this plaintiff." The prayer was for a money judgment against the defendants James, and that the lien or interest of the appellants, if any exist, should be decreed subsequent and inferior to that of the respondent.

Answering separately, the appellants denied all of the allegations of the complaint, save only that they admitted that they "have some interest in the premises in said complaint mentioned," and they in no wise attempted to set out the nature or character of their interest. There was a decree in accordance with the prayer of the complaint, from which this appeal was prosecuted.

The first contention of the appellants is that the court erred in denying their motion to strike the bond for security for costs which had been furnished by

the respondent pursuant to appellants' demand for security for costs. That motion was based upon two grounds: First, that the bondsmen resided out of the county of Spokane (in which county the action was brought); second, that the sureties did not justify in any separate property. The motion was properly overruled. As to the first ground of motion, there is nothing in the statute (§ 844, Code Proc.), which requires sureties on a cost bond to possess qualifications that are not required by sureties generally. Sec. 245, Code Proc. (Vol. 2, Hill's Code), prescribes the qualifications of bail, and, in the absence of any special provision requiring additional or different qualifications from those imposed by that section, one who possesses the qualifications therein prescribed is sufficient as a surety or bondsman for all purposes. Secondly, it was not necessary that there should have been any affidavit or attempted justification upon the cost bond in the first instance. What was attempted in that regard was surplusage merely. But, independently of this, the affidavit of the surities was in strict compliance with § 245, *supra*, and was sufficient in form and substance.

The second ground of alleged error is that respondent neglected to present the final decree to the appellants and failed to give them any notice of the time and place of signing of the same. This constituted no error. Laws 1893, p. 112, § 3.

3. Nor did the court err in permitting the notes to be received in evidence over appellants' objection that the execution of their assignment was not duly proven. The note contained the following indorsement: "Pay to the order of Mary A. Brooks, without recourse, Charles F. Emery Real Estate Loan Company, per R. M. Palmer, Treasurer." Possession of the note,

22—16 WASH.

coupled with the indorsement in question, was suffi-cient *prima facie* to establish that plaintiff was the owner and holder thereof, and that it was unpaid.

The other questions raised in appellants' brief have been duly examined, and are, we think, wholly without merit.    An examination of the record has satisfied us that no substantial right of appellants was prejudiced by any ruling of the trial court, that the decree was rightfully entered, and no valid reason exists for dis-turbing it.

Affirmed.

SCOTT, DUNBAR and REAVIS, JJ., concur.