[No. 2388. Decided March 13, 1897.]

SEATTLE NATIONAL BANK, *Respondent*, v. R. W. EM-
MONS, *Appellant*.

ASSIGNMENT OF PROMISSORY NOTE — ACTION BY ASSIGNEE — EVIDENCE.

In an action upon a promissory note by an assignee, it is not
necessary to prove a transfer by indorsement or written assignment
in order to show title in plaintiff.

Where the notes and securities of one bank have been assigned
to another bank in trust to secure the latter for advances made, the
trustee bank may, under Code Proc., §134, which requires that
every action shall be prosecuted in the name of the real party in in-
terest, maintain an action upon a renewal note made payable to the
assignor bank some months subsequent to the assignment, when
such renewal note was taken by the trustee bank in payment of
other notes duly transferred to it by the prior assignment, and had
been made payable in the name of the assignor merely for conven-
ience in keeping the accounts of the two banks separate.

Appeal from Superior Court, King County.—Hon.
T. J. HUMES, Judge.   Affirmed.

*John E. Humphries*, and *E. P. Edsen*, for appellant.
*Carr & Preston*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This was an action brought by re-
spondent against the appellant and other defendants
upon a promissory note.   Service was had only upon
R. W. Emmons, the case being dismissed as to H. H.
Emmons; issues were formed and trial had as to R.
W. Emmons and verdict rendered in favor of respon-
dent; judgment followed, from which judgment an
appeal is taken.   The admitted facts are about as fol-
lows:   In November 1894, the Commercial National
Bank of Seattle held two promissory notes, one signed
by R. W. Emmons (the appellant herein) and the

other signed by Emmons & Emmons, a firm of lawyers, of which firm R. W. Emmons was a member. The notes were made payable to the order of the Commercial National Bank. On November 22, 1894, said bank made over all of its assets and assigned all of its securities and all its rights of action then possessed or thereafter to accrue, to the respondent, the Seattle National Bank, and with its other assets delivered over the said two notes, after indorsing them. This assignment was made by resolution of the Commercial National Bank and was known to the appellant. The appellant afterwards made some payments upon the said notes, and on April 9, 1895, acting for himself and his partner, took up the two notes and gave in place thereof the note in action, which amounts to $1,000. This last note was given to the plaintiff. but made payable in form to the order of the Commercial National Bank. It is admitted that the note in suit has never been in the possession of the Commercial National Bank. By the terms of the agreement between the banks, the Seattle National Bank held the assets of the Commercial National Bank upon a trust, which in brief was that after collection of the securities and payment therefrom of the amounts advanced by the Seattle National Bank to pay off the depositors of the Commercial National Bank and the trustee's compensation, the balance was to be paid over to the Commercial National Bank or its stockholders. Upon this state of affairs, the Seattle National Bank brought its action to collect the note in question, alleging in substance that on the 9th day of April, 1895, for a valuable consideration, the appellant made, executed and delivered a certain promissory note in writing, whereby it agreed to pay the sum of $1,000 to the Commercial National Bank of Seattle, Washington, with $50 as an attorney's fee in case suit

was instituted to collect the note; setting out the note in full, which was signed "Emmons & Emmons;" alleging that no part of the note had been paid except the sum of $139.09 and the interest up to the 9th day of October, 1895; alleging the amount yet due; and further alleging that on the 22d day of November, 1894, the Commercial National Bank, a corporation, for value received, assigned, transferred and set over to the plaintiff the said promissory note, and the plaintiff is now the owner and holder of the same; and praying for judgment.

R. W. Emmons, answering separately, denied in substance the main allegation of the complaint and set up a set-off or counterclaim against the Seattle National Bank, but, under the testimony, it will not be necessary to mention this set-off or counterclaim, as the appellant, according to his own testimony, had no legal right to it in this action. During the course of proceedings the action was dismissed as to H. H. Emmons. At the close of the testimony the jury were instructed to bring in a verdict for the plaintiff, which they did, and upon which verdict the judgment before mentioned was based. The appellant's contention here is that the complaint is inconsistent with itself, that inasmuch as it is alleged that the note was not made until April, 1895, it is self-evident that it could not have been assigned by the Commercial National Bank to respondent in November, 1894, that the proofs in the case do not constitute an assignment, and that they are inconsistent with the allegations of the complaint. The first point is, that the suit, having been upon an assigned note the only way to prove title in the respondent was by an indorsement or written assignment. We have examined the cases cited by appellant to sustain this claim, but do not

think that they are in point, or that they involve the question at issue in this case. The case which comes the nearest discussing the points in question here is *Watson v. Conwell*, 3 Ind. App. 518 (30 N. E. 5). There, it is true, a demurrer was held good to a complaint in an action by the assignee of an account which neither made the assignor a party defendant nor averred an " indorsement in writing," but this holding was made with reference to a special statute in Indiana which provides that " when an action is brought by the assignee of a claim arising out of contract, and not assigned by indorsement in writing, the assignor shall be made a defendant, to answer as to the assignment of his interest in the subject of the action," and of course can have no relevancy to the question at issue in this case. It is true that there is an apparent conflict between the allegations of the complaint, but it is only apparent, and the facts proven in this case, it seems to us, constitute an assignment in law, and indeed it is about the only way in which the action could have been brought. Section 134 of the Code of Procedure provides that every action shall be prosecuted in the name of the real party in interest. It is evident from the testimony in this case that the real party in interest is the respondent, and the Commercial National Bank would have had no right to have brought the action; and if the Seattle National Bank were not allowed to bring it, the result would be that the obligation which the appellant had voluntarily entered into could not be enforced. The authorities do not sustain the proposition that an assignment of a *chose* in action must exclusively be in writing. In *Riker v. Curtis*, 39 N. Y. Supp. 340, it was held that:

"A *chose* in action may be assigned by parol as well as by writing, and, where there is no written assign-

ment, it is a question of fact whether there was a transfer."

Citing many cases to sustain the doctrine, and the court in that connection says:

" The books are full of cases upholding transfers, to effectuate the intention of the parties, whenever it could be done without contravening some statute or ground of public policy. Where there is no written transfer, the question whether there has been, in fact, such an appropriation as to effect a transfer, is one of fact for the jury."

To the same effect are *Hoffman v. Smith,* (Iowa) 63 N. W. 182; *Moore v. Lowrey,* 25 Iowa, 336 (95 Am. Dec. 790); and in fact this question was clearly passed upon by this court in the case of *Yakima National Bank* v. *Knipe,* 6 Wash. 351 (33 Pac. 835), where we held that

" The note, when introduced in evidence by the plaintiff, with what purported to be an indorsement in blank thereon, *prima facie* established the fact that the plaintiff was the owner and holder thereof. "

Again, it seems to us that this is a question which, outside of any right of set-off or counterclaim which the appellant may have, cannot be raised by the maker of the note. These are questions that are more interesting to the assignor and the assignee. Especially would appellant not be allowed to interpose an objection under the testimony in this case, where, knowing the circumstances, he voluntarily gave this note for the benefit of the Seattle National Bank to the Commercial National Bank and received a consideration therefor, namely, the former notes. It is in testimony that the note was made formally payable to the Commercial National Bank simply as a matter of convenience in keeping the accounts between the two banks, and so far as the sufficiency of the complaint is con-

cerned, if there had been no allegation in relation to the assignment of the note, the allegation that the plaintiff was the owner and holder of it would have been sufficient, under the statute which requires that the action shall be brought in the name of the real party in interest, to have admitted proof of the assignment and transfer of the note to the plaintiff, or of any fact which would tend to establish the ownership of the plaintiff in the note.

The judgment will be affirmed.

SCOTT, C. J., and ANDERS, REAVIS and GORDON, JJ., concur.