Decided 22 July, 1901.

## STURGIS *v.* BAKER.

[ 65 Pac. 810.]

BILLS AND NOTES—PAYMENT—BURDEN OF PROOF.

1. The production of a note, with proof that it was in the possession of a certain deceased person when he died, that as part of the assets of the estate it passed to the plaintiff, the sole legatee, and that the note was indorsed in the usual manner by the payee, makes a *prima facie* case, and the burden of proof is thereafter on the defendant: *Owens* v. *Snell*, 29 Or. 483, cited.

PROVINCE OF JURY—PAYMENT OF NOTE BY STRANGER.

2. Where a note is found after maturity in the possession of a stranger thereto, and the testimony is conflicting as to whether the stranger bought it or paid it, the question should be submitted to the jury; as, for example, a note executed by defendant, which was in possession of plaintiff's intestate at his death, had indorsed on it, in intestate's handwriting "Pd. 13 Dec., '94, 153.20." Intestate was the cashier of a bank to which the note was sent for collection after its maturity, and in acknowledging the receipt of the note he inclosed a draft stating it was in payment of collection of the note. Neither the bank nor such intestate was a party to the note. *Held*, that such evidence made it a question for the jury whether the transaction by which plaintiff's intestate came into possession was a payment or purchase of the note.

AMBIGUOUS MEMORANDA—EXPLANATORY PRIVATE BOOKS.

3. Under Hill's Ann. Laws, ? 690, providing that when a detached declaration or writing is given in evidence any other declaration or writing necessary to make it understood is also admissible, a note having been admitted in evidence accompanied by proof of its possession by plaintiff's intestate at the time of his death, and bearing certain memoranda in the handwriting of the deceased, it is competent to introduce the private books of deceased containing writings appearing to have been made about the time the memoranda were made and on the same subject.

From Umatilla: WILLIAM R. ELLIS, Judge.

Action by Lina H. Sturgis against William Baker. From a judgment in favor of defendant, plaintiff appeals.                    REVERSED.

For appellant there was a brief over the name of *Carter & Raley*, with an oral argument by *Mr. J. H. Raley.*

For respondent there was a brief and an oral argument by *Mr. Thos. G. Hailey.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is an action on a promissory note, and comes here on appeal from a judgment of involuntary nonsuit. The complaint alleges that the plaintiff is the owner and holder of the note, and that it has not been paid. The answer denies the allegations of ownership and nonpayment, and affirmatively alleges that defendant paid the note in full on December 13, 1894, to plaintiff's intestate, S. P. Sturgis, who then claimed to have it in his possession. The admissions in the pleadings and the evidence introduced by the plaintiff tend to show that on December 8, 1893, the defendant made, executed, and delivered his promissory note to the Pendleton Mercantile Company for $139.10, due six months after date, with interest at ten per cent per annum ; that some time thereafter, and before the thirteenth of December, 1894, the mercantile company indorsed the note in blank, and delivered it to Akin, Selling & Company, of Portland, by whom it was forwarded to the First National Bank of Pendleton, December 13, 1894, and on the same day S. P. Sturgis, the cashier of the bank, purchased a draft therefrom for $153.20, the amount due on the note, principal and interest, and, as the representative of the bank, forwarded it to Akin, Selling & Company. Mr. Sturgis died in 1896. The note in question was found among his private papers, and, with his other assets, passed into the possession of the plaintiff, who is his widow and sole legatee. On the upper margin of the note there appears, in the handwriting of Mr. Sturgis, a pencil memorandum, as follows : "Pd. 13 Dec., '94, 153.20," and on the lower left-hand corner, after the word "No.," the figures "386." After proof of the indorsement on the note, and that it was in the possession of Mr. Sturgis at the time of his death, and passed with his other assets

to the plaintiff, who has since been in possession thereof, it was offered and admitted in evidence. For the purpose of explaining the memorandum thereon, the plaintiff offered in evidence certain entries made by Mr. Sturgis in his private books showing his business transactions from day to day, but the court refused to admit such entries, on the ground that they were not against the interest of the party making them, and, on motion of defendant, directed a nonsuit.

1.   The production by plaintiff of the note at the trial, and proof that it was in Mr. Sturgis' possession at the time of his death, properly indorsed by the payee, and as part of his assets came into plaintiff's possession, was sufficient evidence to make a *prima facie* case in her favor, and to cast the burden of proving her want of title and payment of the note on the defendant: Hill's Ann. Laws, § 776, subd. 11; 2 Rice, Ev. § 443*d*; *Kenny* v. *Walker*, 29 Or. 41 (44 Pac. 501); *Owens* v. *Snell*, 29 Or. 483 (44 Pac. 827); *Citizens' Nat. Bank* v. *Wintler*, 14 Wash. 558 (53 Am. St. Rep. 890, 45 Pac. 38); *Brooks* v. *James*, 16 Wash. 337 (47 Pac. 751).

2.   But it is argued that payment and want of title are shown by the memorandum made by Mr. Sturgis on the note, and by the following correspondence :

"PORTLAND, Oregon, Dec. 12th, 1894.
*Mr. S. P. Sturgis, Cashier, Pendleton—*

DEAR SIR: Agreeable with your request of the 11th inst., we inclose herewith note of W. Baker, favor P. M. Co., which we hold for collateral.

| | |
|---|---:|
| Face of note | $ 139 10 |
| Int. to Dec. 14, '94 | 14 10 |
| | $ 153 20 |

Kindly send check for same, and oblige,
            Yours, truly,
                     AKIN, SELLING & Co."

"PENDLETON, Or., 13th Dec. 1894.
*Messrs. Akin, Selling & Co., Portland, Oregon*—
Your favor of the 12th is received, with stated inclosure. We remit to you our Port. draft, No. —, $153.20, exchange and collection, in payment of collection W. Baker note, $139.10, int. $14.10.
Yours respectfully,
S. P. STURGIS, Cashier."

Now, there is nothing in this correspondence to show of itself whether the transaction between the bank and Akin, Selling & Company was an extinguishment or purchase of the note. It is not inconsistent with either view. The letter from the bank, requesting the company to forward the note, is not in evidence, and the one remitting the draft is in the usual bank form, such as may properly have been used in either a payment or a purchase. The evidence indicates that the draft to Akin, Selling & Company was purchased with the private funds of Mr. Sturgis, and, as neither he nor the bank was a party to the instrument, the case seems to present an instance of the payment of a note after maturity by a stranger to the paper. It is said that such a transaction will in general be considered a purchase, not a payment, of the instrument. This, however, where the evidence leaves the fact in doubt, as in this case, is a question for the jury, and should be submitted to them: 3 Randolph, Com. Paper (2 ed.), § 1438 ; *Dodge* v. *Trust Co.* 93 U. S. 379 ; *Ogden State Bank* v. *Barker*, 12 Utah, 13 (40 Pac. 765); *Globe Nat. Bank* v. *Ingalls*, 130 Mass. 8 ; *McDonnell* v. *Burns*, 83 Fed. 866 (28 C. C. A. 174); *Wilcoxon* v. *Logan*, 91 N. C. 449 ; *Swope* v. *Leffingwell*, 72 Mo. 348 ; *Barney* v. *Clark*, 46 N. H. 514.

3. Nor is the memorandum on the face of the note sufficient evidence of payment to take that question from the jury. It is ambiguous, and open to either of two in-

terpretations,— it may indicate that the note was paid
and extinguished, or it may show the amount of the pur-
chase price thereof. As it was made by Mr. Sturgis
upon an instrument in his possession, and presumably
belonging to him at the time, it is evidence in favor of
the defendant, because a declaration against the interest
of the person making it. But it is not conclusive, and,
in our opinion, the plaintiff had a right to introduce any
other writing or memorandum made by Mr. Sturgis, at
or about the same time, in reference to the same matter,
explanatory of the ambiguous indorsement on the face
of the note. The statute provides that when a detached
act, declaration, conversation, or writing is given in evi-
dence any other act, declaration, conversation, or writing
which is necessary to make it understood may also be
given in evidence : Hill's Ann. Laws, § 690. And this
is but declaratory of the general rule that, when the
declarations or statements of a party are used as evi-
dence against him, he is entitled to all that was said or
done in relation to the matter, whether to his advantage
or not : *Adkins* v. *Hershy*, 14 Ark. 442 ; *Chambers* v. *State*,
26 Ala. 59 ; *Moore* v. *Wright*, 90 Ill. 470 ; *Bearss* v. *Cop-
ley*, 10 N. Y. 93 ; *Rouse* v. *Whited*, 25 N. Y. 170 (82 Am.
Dec. 342, and note). We are of the opinion, therefore,
that the court erred in refusing to admit in evidence the
entries made by Mr. Sturgis in his books of private ac-
count, explanatory of the indorsement on the note, and
in not submitting to the jury the contested questions of
fact in the case. The judgment must therefore be re-
versed, and a new trial ordered.            REVERSED.