[No. 4680. Decided July 8, 1903.]

SARAH M. LODGE, *Appellant,* v. JAMES HAMILTON LEWIS, *Respondent.*

PROMISSORY NOTES — ACTION BY INDORSEE — SUFFICIENCY OF DELIVERY.

*Prima facie* ownership of a promissory note sufficient to uphold action thereon is established by evidence showing that it had been indorsed to plaintiff and action thereon brought in her own name, although she had never had the note in her actual possession and the attorney who brought suit thereon had been selected, not by herself, but by the agent of her indorser.

SAME — ASSIGNMENT — RIGHT OF ASSIGNEE TO SUE.

Under Bal. Code, § 4835, which provides that any assignee in writing of any chose in action may sue and maintain an action thereon in his own name, notwithstanding the assignor may have an interest in the thing assigned, but allows the debtor to plead any counterclaim or setoff against the real owner, an indorsee of a promissory note could maintain action thereon, even if title had not passed to the indorsee, and the question of the assignee's right to the note could not, under the circumstances, be raised by the maker.

Appeal from Superior Court, King County.—Hon. WILLIAM R. BELL, Judge. Reversed.

*Benton Embree,* for appellant.

*George Meade Emory* and *E. F. Kienstra,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—This was an action upon a promissory note made by respondent and defendant to one Leander Lodge, and by Mr. Lodge transferred to his wife, who brought this suit in her own name. The complaint is in the usual form. The answer admits the making of the note, but denies that there is anything due thereon, and affirmatively pleads payment. In answer to the second paragraph of the complaint, to the effect that the payee before commencing the action, sold, transferred, and assigned the note to the plaintiff, defendant Lewis, in his answer, says: "This defendant has no knowledge or information sufficient to form a belief as to the allegations, or any of them, contained therein, and therefore puts the plaintiff to the proof of the same." Upon trial, after the conclusion of plaintiff's evidence, the defendant Lewis challenged the legal sufficiency of the evidence, and moved the court to dismiss the action upon the ground that the evidence shows that the appellant never had any ownership, possession, or right of possession to the note, for the reason that the note was never delivered to her, and that the payee, Leander Lodge, is the sole owner of the note. The court sustained this motion, and dismissed the action. Plaintiff appeals.

The sole question in the case is whether or not the court erred in dismissing the action upon this ground. The evidence shows that the note was executed by Frank Eberle and James Hamilton Lewis and delivered to Leander Lodge in June, 1892; that in 1893 Mr. Lodge

moved from Seattle to California; that when he went away from Seattle he left this note, with other securities, with his agent, Mr. Dearborn; that in April, 1896, Mr. Lodge wrote a letter to Mr. Dearborn as follows:

"I think when you get to it you may deed all my property in Washington to my wife Sarah M. Lodge, and also assign all my notes to her. As I said, I owe nothing there, but I am working altogether too hard for my years, and, although now in good health, I presume that I am liable to go suddenly at any time, and this action on my part might save expense and trouble. I owe Mrs. Lodge about $1,200, so there can be a reasonable and just consideration."

Thereupon Mr. Dearborn indorsed upon the back of the note in suit: "Pay to the order of Sarah M. Lodge. Leander Lodge, by W. W. Dearborn, his attorney in fact." Subsequently in August, 1896, Mr. Lodge wrote to Mr. Dearborn as follows:

"If you think best to give the notes you spoke of to an attorney or any of the others, do so, only have it stipulated: no collection, no pay. Hon. James Hamilton Lewis surely ought to pay."

Thereupon Mr. Dearborn delivered the note to S. T. Williams, an attorney in Seattle, who brought this action in the name of Mrs. Lodge. The note did not pass out of the possession of Mr. Dearborn until it was delivered by him to Mr. Williams. Mrs. Lodge had not had actual possession of it, nor had she had any communication with Mr. Dearborn about it. The foregoing is the substance of plaintiff's evidence.

The indorsement on the note was *prima facie* evidence of the fact that the plaintiff was the payee. *Yakima National Bank v. Knipe,* 6 Wash. 348 (33 Pac. 834); *Brooks v. James,* 16 Wash. 335 (47 Pac. 751); *Seattle National Bank v. Emmons,* 16 Wash. 585 (48 Pac. 262).

It is probably true, as argued by respondent, that delivery of possession was necessary to complete the assignment.   But where the plaintiff's attorney has possession of the note, and introduces the same in evidence, it must be presumed that he came lawfully by it, and that his possession is the possession of the plaintiff.   When Mr. Dearborn, by resquest of Leander Lodge, delivered the note to Mr. Williams to bring suit upon it, such delivery will be held to be a delivery to the plaintiff, in the absence of direct evidence showing it was not so intended. It is true, Mr. Williams was selected by Mr. Dearborn as the attorney to bring the suit, but, if he had been selected by Mr. Lodge, and had brought the suit in the name of Mrs. Lodge, he would still be the plaintiff's attorney for the purpose of this action, and the delivery of the note to him by Mr. Lodge would be held to be a delivery to Mrs. Lodge, unless it clearly appears that such was not intended to be the result.   It does not so appear in this case.   The plaintiff was certainly authorized to maintain the action under § 4835, Bal. Code, which provides, in substance, that any assignee of any chose in action may, by virtue of such assignment in writing, sue and maintain an action thereon in his own name, notwithstanding the assignor may have an interest in the thing assigned; provided, that any debtor may plead in defense a counterclaim or offset, if held by him against the real owner.   Under this section, if Mrs. Lodge had no real interest in the note, but was simply the assignee thereof, she might maintain the action.   *McDaniel v. Pressler,* 3 Wash. 636 (29 Pac. 209) ; *Riddell v. Prichard,* 12 Wash. 601 (41 Pac. 905). On the question as to whether or not the plaintiff was the owner and holder of the note, this court said, in *Seattle National Bank v. Emmons, supra*:

". . . it seems to us that this is a question which, outside of any right of off-set or counterclaim which the appellant may have, cannot be raised by the maker of the note. These are questions that are more interesting to the assignor and the assignee."

Especially is this true where no rights of the maker are molested, and where the result of the case is conclusive upon the parties to both the note and the action, as is the case before us. It was, therefore, error to sustain the motion.

The judgment is reversed, and the cause remanded for a new trial.