[No. 4700. Decided September 19, 1903.]

EDWARD VON TOBEL, *Respondent*, v. STETSON & POST MILL COMPANY, *Appellant.*

BROKERS — ACTION FOR COMMISSIONS — QUANTUM MERUIT.

A complaint alleging that defendant placed a piece of real estate in plaintiff's hands for sale at a fixed price, agreeing to pay a fixed sum as commission; that by agreement a partial reduction was made in the price; that defendant ascertained who the customer was and itself effected a sale of the property; that defendant refused to pay a reasonable or any commission on account of such sale, though the same was worth $2,000 and demand had been made therefor, sufficiently states a cause of action on *quantum meruit.*

DEPOSITIONS — CONCLUSIVENESS AGAINST PARTY TAKING.

A party taking a deposition is not bound by statements made against his interest.

SAME — WHEN OFFERED BY ADVERSARY — EFFECT.

A party who offers in evidence a deposition taken by his adversary makes it his own, and hence the one who took the deposition would not be estopped by its statements against his interest.

SAME — LEADING QUESTIONS.

When a party offers a deposition taken by his adversary he adopts it as his own, and cannot object to certain of the interrogatories on the ground that they are leading.

TRIAL — ADMISSION OF EVIDENCE — EXCLUSION OF CROSS EXAMINATION IN DEPOSITION.

The refusal of the court to admit in evidence the cross-examination contained in a deposition until the direct examination had been first offered and read was not error, where the cross-examination was unintelligible without the direct examination to explain it.

ACTION ON ASSIGNED CLAIM — REAL PARTY IN INTEREST.

An assignee in writing of a chose in action who holds the claim by a mere naked legal title has such an interest under Bal. Code, § 4835, as would entitle him to maintain action thereon in his own name.

JUDGMENT — RES JUDICATA.

A judgment in a former action between the same parties for the same cause of action is not *res judicata* when it was merely a judgment of dismissal based on the insufficiency of the complaint.

BROKERS — SALE OF LAND — ACTION FOR COMMISSIONS — INSTRUCTIONS — HARMLESS ERROR.

Where an action for commissions is based on the fact, and is so shown by the evidence, that the owner sold the property to the broker's customer pending negotiations between the broker and the customer, an instruction implying that, in order to find for the owner, the jury must find that the broker failed to find a customer ready, willing and able to buy, and that he had abandoned his efforts to find a purchaser, would be harmless error.

SAME.

In an action by a real estate broker for commissions where the court was instructing upon defendant's theory that the broker had abandoned his efforts to make a sale, language assuming that the broker had the exclusive contract to sell the property would be harmless error.

SAME.

A statement by the judge that "Here we come to some of the most important allegations on the part of the plaintiff, and to some of the most important issues of the case," was not reversible error in the absence of a showing of special injury to the party complaining.

Appeal from Superior Court, King County. — Hon. George E. Morris, Judge. Affirmed.

*Allen, Allen & Stratton,* for appellant.

*Ballinger, Ronald & Battle,* for respondent.

The opinion of the court was delivered by

Fullerton, C. J.—The respondent who was plaintiff below, brought this action against the appellant on an assigned claim to recover the sum of $2,000, alleged to be due as commissions for the sale of certain real property belonging to appellant. The sale was alleged to have been made by one F. Hochbrunn, a real estate broker, under a contract with the appellant, the claim for commissions having been assigned to the respondent by Hochbrunn by an assignment in writing. The trial was had before a jury, which returned a verdict in favor of the respondent for $950, for which sum the judgment was entered from which this appeal is taken.

The appellant's first assignment of error goes to the sufficiency of the complaint. It contends that the complaint fails to state facts sufficient to constitute a cause of action, and that the court erred in permitting the respondent to introduce evidence thereunder, over its objection made after the jury had been impaneled and sworn to try the cause. But we think the complaint has in it all of the elements necessary to a good cause of action. While it is long, and recites with much detail the transaction on which the action is founded, in substance it is alleged that the appellant, being the owner of certain real property, placed it in the hands of the assignor of the respondent for sale at a fixed price, agreeing to pay a fixed sum as a commission in case a sale should be effected at the price named; that the assignor procured a person

able and willing to purchase the property, but not at the
price at which he had it for sale; that he then applied to
the appellant for a reduction in the price, and secured
a partial reduction, but not to the sum his customer had
then expressed his willingness to pay; that while he was
negotiating between the parties, endeavoring to get them
to a common understanding, the appellant importuned
him to know who his customer was, promising to pay
him a reasonable commission if it effected a sale of the
property itself to his customer; that he gave the appellant
the name of his customer, whereupon the appellant dealt
with his customer directly, effecting a sale of the property
to him for a consideration of $70,000, but failed and re-
fused to pay his reasonable or any commission on account
of such sale, though the same was worth $2,000, and de-
mand had been made therefor.    It seems to us that this
states a cause of action on *quantum meruit,* as the trial
court held, and will sustain a judgment for the reasonable
value of the services rendered by the respondent's as-
signor.    In the same connection, although not in the order
discussed in the briefs, may be noticed the further
objection that the evidence is insufficient to justify
the verdict.    The testimony of Hochbrunn, the prin-
cipal witness for the respondent, did not differ mate-
rially from the allegations of the complaint, and war-
ranted a recovery on the part of the respondent in so far
as the question of the preponderance of the evidence was
concerned.    It appears, however, that the respondent prior
to the trial took the deposition of one C. H. Black.    At
the trial he did not offer it in evidence, whereupon it was
introduced by the appellant.    The appellant now con-
tends that the respondent is bound by the statements of
this witness, and, as these are to be the effect that the re-

spondent's assignor was not the procuring cause of the sale, the respondent cannot recover. But the appellant mistakes the rule. The deposition, had the respondent introduced it, would not have been conclusive against him, even as to statements made against his interest. A deposition does not differ in that respect from the oral evidence of a witness. Contrary evidence may still be introduced, and the question as to where the truth lies left for the determination of the jury. But this rule need not be invoked here. The appellant made the deposition its own when it offered it in evidence. The testimony of the witness became just as much its own as it would have become had the witness been present in person on the respondent's subpoena and called by the appellant. In no view of the case, therefore, can this deposition have the force of an admission by the respondent, and he was not estopped from asserting the truth because of its statements against his interest. On the main question there was evidence to the effect that the respondent's assignor was the procuring cause of the sale. True, this was disputed by both the seller and the purchaser; nevertheless it was a question for the jury, not the court.

It is next complained that the court erred in refusing to grant a nonsuit. The respondent did not testify personally in the action. While Hochbrunn was on the stand he testified that the claim sued upon had been assigned to the respondent as security for a debt, and that the debt had been fully paid prior to the trial. The assignment was in writing, and there had been no reassignment of the claim from the respondent to Hochbrunn. The appellant contends that the payment of the debt itself operated as a reassignment of the claim, and hence the respondent was not the real party in interest. Doubtless, an assign-

ment of a chose in action can be made by parol, and, had the parties wished it, the claim could have been reassigned by parol at the time the debt was paid; but there is no evidence of a reassignment by parol or otherwise, and, in so far as the record shows, the respondent is still the legal owner of the claim. By the Code (§ 4835, Ballinger's) an assignee of a chose in action who holds the same by an assignment in writing may maintain an action thereon in his own name, notwithstanding his assignor may have an interest in the thing assigned. So here, notwithstanding the respondent may have held the claim at the time of the trial by a mere naked legal title, we think he had such an interest as would entitle him to maintain this action in his own name. *McDaniel v. Pressler,* 3 Wash. 636 (29 Pac. 209); *Riddell v. Prichard,* 12 Wash. 601 (41 Pac. 905).

When offering the deposition of C. H. Black, the appellant objected to certain of the interrogatories on the ground that they were leading. Its objections were in part sustained and in part overruled. It assigns error on the objections overruled. Inasmuch as it was the appellant itself offering the deposition, it is somewhat difficult to understand just how it can complain because the court refused to sustain its objection to the questions asked, even though they were originally propounded by the other side. The general rule is that, when a party offers a deposition taken by his adversary, he adopts it as his own, and will not be allowed to deny its competency or legality, or to impeach the veracity of the witness. But, waiving this, we see no error in the ruling in any event. When leading questions will be allowed is largely a matter of discretion with the trial court, to be reviewed only for its abuse. Here there was no abuse of

discretion. The witness' sympathies were clearly with the appellant; so much so in fact that it seemed nothing but a leading question would elicit a direct response from him. In this same connection the appellant complains that the court erred in refusing to permit him to read its cross-examination until the direct examination was first offered and read. Whether a party would in any case be permitted to offer a part of a deposition taken at the instance of his adversary which had not been offered in evidence by the adversary, we are not called on here to determine, as the record shows that this particular ruling was correct. The cross-examination was offered as a whole, and its perusal discloses that a part of it would have been scarcely intelligible without the direct examination to explain it. The court was not called upon to segregate the admissible portions from the inadmissible, and, as the whole was offered, and was not admissible as a whole, it was all properly rejected.

As its first affirmative defense the appellant pleaded as *res judicata* a judgment in a former action between the same parties for the same cause of action. The judgment roll was offered in evidence on this trial, and an objection interposed thereto and sustained. This was not prejudicial error. A perusal of the judgment roll shows that it was a judgment of dismissal based on the insufficiency of the complaint, and did not purport to determine the merits of the controversy. Moreover, it expressly recited that it was without prejudice to another action. In no sense could the judgment have been *res judicata* of the present action.

The appellant next complains that the court erred in refusing to give to the jury certain instructions requested by it. A careful examination of the several assignments has convinced us that no error was committed by the court

44-82 WASH.

in its rulings on any of the matters complained of. All that was material in the requested instructions was given in the general charge; not in the language of the request, perhaps, but in substance; and this we have uniformly held is a sufficient compliance with the requirements of the law in that regard.

Of the instructions given the following is assigned as error:

"I instruct you further, gentlemen of the jury, that if you believe from the evidence in this cause that Mr. Hochbrunn was unable to bring a purchaser, ready, able, and willing to accept the terms of purchase laid down in his contract with the owner of the property, and if you further believe that his own efforts to procure a purchaser had been abandoned, or if you believe that the broker's authority had been terminated in good faith by the defendant, and that subsequent to such abandonment or termination the defendant itself opened negotiations with the final purchaser of the property, and consummated that purchase on account of its own efforts, or on account of the efforts of persons other than Mr. Hochbrunn, that under those circumstances your verdict would have to be for the defendant in this cause."

It is urged that the clause, "and you further believe that his own efforts to procure a purchaser had been abandoned," renders the instruction obnoxious, because it compelled the jury to find not only that the broker had failed to find a purchaser ready, willing, and able to take the property, but that the defendant's efforts to find a purchaser had been abandoned, before the owner could sell; while the law is that in either of these events, and not necessarily on the happening of both, the appellant was entitled to a verdict. It may be that, as an abstract proposition of law, the appellant's contention is correct, but it does not necessarily follow that an instruc-

tion in the form given by the court must in all cases be incorrect.  If the facts of the case be that the broker has a prospective customer with whom he is negotiating, and the owner, while such negotiations are pending, sells the property to that customer, clearly the owner is liable for the broker's commission, notwithstanding the broker had not found a purchaser ready, able, and willing to take the property at the terms on which he held the property for sale.  Such were the facts in the case before us, if the respondent's contention be true, and we think there was no error in the charge of the court as given, particularly as the court later on explained the distinction between selling to the broker's customer and to a third person.

Another instruction complained of was the following:

"I instruct you, also, gentlemen of the jury, if you believe from the evidence that Mr. Hochbrunn was unable to bring a purchaser ready, willing, and able to buy the property in question at the price demanded, and if you further believe that after such inability had taken place a reasonable time had elapsed within which to complete and to consummate the negotiations on his part—that is to say, on Mr. Hochbrunn's part—after such a time had elapsed, the defendant would be at liberty to proceed on its own account to negotiate and sell, even with Mr. Hochbrunn's customer, and would have the right to consummate that sale through its own efforts or through the efforts of other persons, without the aid of Mr. Hochbrunn; and, if you believe that the evidence in this cause conforms to that state of facts which I have just mentioned, your verdict will have to be for the defendant in this cause."

It is said that this is erroneous, because it assumes that the broker had the exclusive right to sell the property, when there was no evidence that such was his contract. It is plain from the language of the instruction that the court was attempting to charge the jury upon the appel-

lant's theory that the broker had abandoned his efforts to make a sale before it sold to the broker's customer. The instruction was altogether in the appellant's favor, and, even though it be admitted that it does assume the fact imputed to it, the error is harmless in so far as the appellant is concerned. It could in no way have been prejudiced by it.

In charging upon a particular branch of the case the court used these words: "and here we come to some of the most important allegations on the part of the plaintiff, and to some of the most important points at issue in this case", proceeding then to state some of the contentions made by the pleadings. This is objected to because, as the appellant contends, the matters stated by the court were not an issue at all in the pleadings, and consequently could not be some of the most important issues. It seems to us, however, that the matters stated by the court were clearly at issue between the parties not only by the pleadings, but in the evidence also. This being true, it was not error, nor a comment on the facts, for the court to define those issues to the jury. The unhappy part of the instruction is the remark quoted, but we do not think it reversible error. If the remark itself warrants a reversal, then it would warrant a reversal on the assignment of either party, as it was no more directed against the one than the other. But it is rare that a remark of the trial judge can be successfully complained of by both parties to an action. Usually, where it appears to operate equally against both, the one complaining must show some special injury before he can successfully claim error. This rule should, we think, be applied here. And as it does not appear that the appellant was in anyway prejudiced by the remark, it was, if error at all, error without prejudice, and not a cause for reversal.

As we find no reversible error in the record, the judgment will stand affirmed.

MOUNT, HADLEY, ANDERS and DUNBAR, JJ., concur.