[No. 10091. Department Two. March 7, 1912.]

THE STATE OF WASHINGTON, *on the Relation of The Adjustment Company, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent*.[1]

PARTIES—BRINGING IN NEW PARTIES—ASSIGNMENTS—EQUITABLE DEFENSES AGAINST ASSIGNOR. In an action upon an assigned account, where the defendant sets up equitable defenses seeking equitable relief against the assignor, the court has power to require the assignor to be made a party to the end that a complete determination of the controversy may be had, under Rem. & Bal. Code, § 273, giving the defendant the right to set forth legal or equitable defenses, and § 196, authorizing the court to bring in the real parties in interest.

Application for a writ of certiorari to review an order of the superior court for King county, Myers, J., entered December 2, 1911, staying proceedings in an action until additional parties were brought in. Writ denied.

*Leopold M. Stern*, for plaintiff.

*Arthur E. Griffin*, for respondent.

CHADWICK, J.—The Adjustment Company, a corporation, brought suit against the Pacific Knitting Mills, a corporation, in the superior court of King county, to recover a balance due upon the price agreed to be paid for certain attachments, to be used on knitting machines, sold by Ellsworth L. Ward and George J. Wolf, operating under the trade-name of Climax Machine Company. Interrogatories were propounded by the defendant, and it is made to appear by the answers thereto that no consideration passed from the Adjustment Company for the assignment of the account, and that its only interest is that of a collection agency to collect the balance due. The Pacific Knitting Mills answered, setting up several defenses; among others, that The Adjustment Company is not the real party in interest, and that

[1]Reported in 121 Pac. 847.

the attachments are patented articles controlled by the Climax Machine Company; that they were not furnished as contracted, and that they cannot be secured elsewhere; that it has been greatly damaged because of the breach of the contract; and praying, *inter alia*, that it be allowed its damages sustained, and that Ward and Wolf be brought in as parties and be by the court required to specifically perform their contract.  The court thereupon, on motion of the Pacific Knitting Mills, made an order requiring that all proceedings be stayed until Ward and Wolf could be brought in as parties.  Whereupon The Adjustment Company filed an original application in this court for a writ of certiorari, directed to the superior court of King county (H. A. P. Myers, judge), to review its order.

Waiving other questions raised by the parties, we are convinced that the writ should not issue, notwithstanding this court has uniformly held that an assignee of an account or chose in action could maintain a suit in his own name, although such an assignment is made for the purpose of collection only, and the assignee had no other interest in the thing assigned.  The sum of our holdings is that an assignee has sufficient interest to maintain the suit.  *Conaway v. Co-Operative Homebuilders*, 65 Wash. 39, 117 Pac. 716; *Von Tobel v. Stetson & Post Mill Co.*, 32 Wash. 683, 73 Pac. 788; *McDaniel v. Pressler*, 3 Wash. 636, 29 Pac. 209; *Riddell v. Prichard*, 12 Wash. 601, 41 Pac. 905; *Barto v. Seattle & International R. Co.*, 28 Wash. 179, 68 Pac. 442.

In such cases, however, the defendant may avail himself of any defense or set-off existing against the assignor at the time the assignment was made.  Rem. & Bal. Code, § 265; 15 Ency. Plead. & Prac., 709.  Such defenses will not, however, support an affirmative judgment.  They operate only as a bar to the present action.  The same authority (Rem. & Bal. Code, § 191) which sustains the right of an assignee to sue at law in his own name also gives the right to a defendant to "set forth by answer as many defenses and counterclaims

as he may have, whether they be such as may have heretofore been denominated legal, or equitable, or both." Rem. & Bal. Code, § 273. It follows, then, that the nature of the action may be changed by the answer from a simple action at law into one to be resolved by reference to equitable principles. This being so, it is within the power, if indeed it is not the duty, of the court, upon a proper showing, to bring in the real parties in interest, to the end that a complete determination of the controversy may be had. Rem. & Bal. Code, § 196. To state the rule is to suggest its reason, for if it were otherwise or as contended by relator, it would operate to cut off equitable defenses entirely; for it may be assumed that non-resident owners of accounts or choses in action, as are the assignors in this case, being apprised of the possibility of an equitable defense supporting an affirmative judgment, would assign their claims, thus leaving a defendant remediless in courts of his own domicile.

Writ denied.

DUNBAR, C. J., MORRIS, CROW, and ELLIS, JJ., concur.